134 Ind. App. 33 (1962)
181 N.E.2d 241
BOARD OF COMMISSIONERS OF COUNTY OF PERRY, ETC.
v.
SWEENEY.
No. 19,525.
Court of Appeals of Indiana.
Filed March 27, 1962.
Rehearing denied May 1, 1962.
Transfer denied October 4, 1962.
*34 Ford Gale Lacey and Weyerbacher, Lacey & Rideout, of Boonville, for appellant.
Ralph Zoercher, of Tell City, and William L. Mitchell, of Evansville, for appellee.
PFAFF, J.
Appellee brought this action against appellant to recover the alleged balance of salary due her as Director of Public Welfare for Perry County for the years 1953 to and including 1958. Trial was had by the court without the intervention of a jury and the court decided the issues in favor of appellee and rendered judgment in the sum of $8,509.80, together with costs.
The complaint consisted of seven paragraphs, one for each of said years. The pertinent facts were stipulated by the parties at the trial of this action. *35 We feel that a recital of those stipulations at this point will serve as an aid in considering the questions presented to this court.
The stipulation for the year 1953 is as follows:
"1. The plaintiff was duly appointed and served as Director of the Perry County Department of Public Welfare for the entire year of 1953, and devoted her full time thereto and performed all of the duties of the Director of Public Welfare.
"2. The Board of Public Welfare of Perry County fixed the salary of the plaintiff, as Director in the amount of $4,140.00 for the year of 1953 and on the 18th day of June, 1952, the Board of Public Welfare of Perry County in its budget estimate for the year of 1953, set the salary of the County Director of Public Welfare at the sum of $4,140.00, and submitted its estimate on forms prescribed by the State Board of Accounts (County Budget Form #27.)
"3. Both the sums of $4,140.00 and $3,300.00 were within the ranges of the pay plan adopted by the Indiana personnel board and approved by the state budget committee.
"4. Said budget estimate of the County Board of Public Welfare was submitted to the County Council of Perry County, Indiana. Said County Council acted on said budget request and on September 2, 1952, adopted an ordinance for appropriations for the County Department of Public Welfare (Form #31, prescribed by State Board of Accounts), appropriating the sum of $3,300.00 for the salary of the County Director for the year of 1953.
"5. No appeal was taken on said action of the County Council to the State Board of Tax Commissioners or to any other board.
"6. The plaintiff submitted vouchers monthly for $275.00, to the Board of County Commissioners of Perry County, Indiana, for her salary for each month of the year of 1953, and said sums were paid to her in full.

*36 "7. The total amount paid plaintiff for her services as such Director for the year of 1953 was the amount of $3,300.00."
The stipulation for the year 1954 was the same as 1953 except for Items 2 and 3 which read as follows:
"2. The Board of Public Welfare of Perry County fixed the salary of the plaintiff, as Director in the amount of $4,500.00 for the year of 1954 and on the 17th day of June, 1953, the Board of Public Welfare of Perry County, in its budget estimate for the year of 1954, set the salary of the County Director of Public Welfare at the sum of $4,500.00, and submitted its estimate on forms prescribed by the State Board of Accounts (County Budget Form #27).
"3. Both the sums of $4,500.00 and $3,300.00 were within the salary ranges of the pay plan adopted by the Indiana personnel board and approved by the state budget committee."
The stipulation for the year 1955 was the same as that of 1954.
In the stipulation for 1956, Item 2 shows that the Department of Public Welfare fixed the salary of the Director at $4,800.00 and reads as follows:
"2. The Board of Public Welfare of Perry County fixed the salary of the plaintiff, as Director in the amount of $4,800.00 for the year of 1956 and on the 22nd day of June, 1955, the Board of Public Welfare of Perry County, in its budget estimate for the year of 1956, set the salary of the County Director of Public Welfare at the sum of $4,800.00 and submitted its estimate on forms prescribed by the State Board of Accounts (County Budget Form #27.)"
Items 4, 6 and 7 of the same stipulation read as follows:
"4. Said budget estimate of the County Board of Public Welfare was submitted to the County *37 Council of Perry County, Indiana. Said County Council acted on said budget request and on September 7, 1955, adopted an ordinance for appropriations for the County Department of Public Welfare (Form #31, prescribed by State Board of Accounts), appropriating the sum of $3,600.00 for the salary of the County Director for the year of 1956.
"6. The plaintiff submitted vouchers monthly for $300.00, to the Board of County Commissioners of Perry County, Indiana, for her salary for each month of the year of 1956, and said sums were paid to her in full.
"7. The total amount paid plaintiff for her services as such director for the year of 1956 was the amount of $3,300.00."
The stipulation for the year 1957 was the same as 1954 except for Item 2 which reads as follows:
"2. The Board of Public Welfare of Perry County fixed the salary of the plaintiff, as Director in the amount of $3,900.00 for the year of 1957 and on the 3rd day of July, 1956, the Board of Public Welfare of Perry County, in its budget estimate for the year of 1957, set the salary of the County Director of Public Welfare at the sum of $3,900.00, and submitted its estimate on forms prescribed by the State Board of Accounts (County Budget Form #27.)"
In the stipulation for 1958 changes were made in Items 2, 4, 5, 6 and 7 which read as follows:
"2. The Board of Public Welfare of Perry County fixed the salary of the plaintiff, as Director in the amount of $6,120.00 for the year of 1958 and on the 19th day of June, 1957, the Board of Public Welfare of Perry County, in its budget estimate for the year of 1958, set the salary of the County Director of Public Welfare at the sum of $6,120.00 and submitted its estimate on forms prescribed by the State Board of Accounts (County Budget Form #27.)

*38 "4. Said budget estimate of the County Board of Public Welfare was submitted to the County Council of Perry County, Indiana. Said County Council acted on said budget request and on September 5, 1957, adopted an ordinance for appropriations for the County Department of Public Welfare (Form #31, prescribed by State Board of Accounts), appropriating the sum of $6,120.00 as the salary of the County Director for the year of 1958.
"5. On September 16, 1957, certain taxpayers of Perry County, Indiana, filed a petition addressed to the State Board of Tax Commissioners to reduce the appropriation for the salary of the County Director of Public Welfare. The State Board of Tax Commissioners held a hearing on said petition and on November 21, 1957, the State Board of Tax Commissioners entered the following order:
 STATE BOARD
 OF TAX COMMISSIONERS
 Room 301 - State House
 Indianapolis 4, Indiana
 November 21, 1957
 Mr. Irvin Werner
 Perry County Auditor
 Cannelton, Indiana
 Dear Mr. Werner:
In the matter of the budget and tax rates for 1957, payable in 1958, for Welfare Fund - On appeal, Perry County, Indiana
The State Board of Tax Commissioners hereby orders the following appropriation reduction:
WELFARE FUND Reduce appropriation for personal services $1,320 from $15,180 to $13,860. This Board recommends that this be allocated as follows:

*39
 101 - Director $ 3900
 102B - 2 visitors 6000
 102C - 1 Clerk 2700
 103A - Legal Service 300
 103E - Per Diem Board Members 960
 ________
 $13,860

It is further ordered that this order be made a part of the previous approved budget and tax rate order of October 22, 1957 for Perry County.
 Yours truly,
 /s/ Fred C. Wissman
 Fred C. Wissman, Executive Secretary
 FCW/c
"6. No further action was taken on said appropriation by the County Council.
"7. The plaintiff submitted vouchers monthly for the sum of $300.00 to the Board of County Commissioners of Perry County, Indiana, for her salary for each month of the year of 1958, for a total of $3,600.00. Following the signature of plaintiff on each voucher signed by her, there appeared the following, `signed under protest'. The amounts stated in said vouchers were paid to the plaintiff in full."
Appellant contends that the County Council has the authority to reduce the salary provided for the Director of Public Welfare in the budget of the County Board of Public Welfare so long as the reduced amount falls within the salary range adopted by the Indiana Personnel Board and approved by the Indiana State Budget Committee.
It is further contended by appellant that if an appeal is not taken to the State Board of Tax Commissioners from an order of the County Council reducing any part of the submitted budget, the action of the *40 County Council is final and the courts may not interfere with such actions.
It is finally contended by the appellant that if a person accepts payments of the amount allowed by the County Council, as did appellee, such person is estopped and barred from further asserting a later claim for a greater amount.
Appellee contends that under the provisions of § 52-1119, Burns' 1951 Replacement, the County Board of Public Welfare has the authority to fix the salary of the Director and asserts that that is the sole question before this court.
The facts being undisputed, the conflict between the parties is in the construction of certain provisions of the relevant statute.
The parties are agreed that under the provisions of § 26-515, Burns' 1948 Replacement, the County Council is vested with the exclusive authority to make appropriations out of the county treasury except when the legislature has expressly provided otherwise.
The pertinent provisions of the relevant statute, § 52-1119, supra, are as follows:
"The county directors of the several counties shall be entitled to receive as compensation for their services the amounts which shall be fixed by the county board and within the lawfully established appropriations, within the salary ranges of the pay plan adopted by the Indiana personnel board and approved by the state budget committee, which shall be paid monthly in the same manner as the compensation of the county officers as provided by law." (Our emphasis).
The phrase "and within the lawfully established appropriations" was inserted, in 1947, as an amendment to the original act of the legislature in the 1936 special session.
*41 Sec. 52-1302, Burns' 1951 Replacement, provides for the compilation of a budget in two parts and the adoption of a budget by the County Board of Public Welfare and the filing of same "as the budgets and estimates of other county officers are prepared and filed."
Sec. 52-1303 (a), Burns' 1951 Replacement, provides in part as follows:
"In the month of September, 1936, and annually thereafter, at the time provided by law, the county council shall make such appropriations out of the county welfare fund, based on the budget as submitted, as may be necessary to maintain the welfare services of the county and to defray the cost of the administration of such services, as hereinbefore provided, for the ensuing fiscal year, and shall, at the same time, levy a tax in an amount necessary to produce the funds so appropriated."
Subdivision (b) of the same section provides as follows:
"If the appropriations for any or all of the welfare services of the county as contemplated in this act shall be exhausted prior to the close of the fiscal year for which such appropriations have been made, then and in that event an emergency shall be deemed to exist as contemplated in chapter 150 of the Acts of the General Assembly of 1935, and the county council shall, in the manner prescribed by chapter 150 of the Acts of the General Assembly of 1935, make such additional appropriations as may be necessary to provide for the maintenance of the respective welfare activities of such county welfare board, and if the amount of money in the county welfare fund or the general fund not otherwise appropriated is insufficient, the board of county commissioners shall borrow the money found to be necessary, in conformity with the provisions of sections one hundred and two to one hundred and ten *42 (§§ 52-1305  52-1313 herein), inclusive, of this act and the county council shall make the necessary appropriations for any advancements from the county general fund to the county welfare fund."
Sec. 52-1304, Burns' 1951 Replacement, provides as follows:
"If Part 1 or Part 2 of the budget, or any item or items thereof as submitted by the county board of public welfare, or the tax levy as recommended by the county board of public welfare, and as certified by the state department to the county department, as provided in section ninety-nine (§ 52-1302 herein) of this act be reduced by the county council or the county board of tax adjustment in an amount which, in the judgment of the county board of public welfare, or the state board of public welfare, will not afford sufficient funds to maintain the county welfare services adequately, the county board of public welfare, on its own initiative, may, and, on request in writing from the state board of public welfare, shall appeal therefrom to the state board of tax commissioners. Any such appeal shall be taken and heard in the same manner and within the same time as is prescribed by law when appeals are taken by taxpayers or municipal corporations, and the notice of such hearing shall be given to the county auditor and to the county board of public welfare. Upon the conclusion of such hearing, the state board of tax commissioners may increase or decrease the amount of the levy or the budget, or any item or items thereof, or it may affirm the levy and budget as adopted by the county board of tax adjustment, and as approved by the state department, but, in no event, shall the aggregate amount of the county's portion of such budget or tax levy be increased to an amount greater than the amount as originally fixed or recommended by the county board of public welfare or the state department of public welfare. The order of the state board of tax commissioners shall be final and the levy as fixed by the state board of tax commissioners shall be the only levy or rate upon which such taxes shall *43 be collected. No proposed tax levy to provide funds for a proposed budget for county welfare purposes, shall be reduced unless the budget item or items affected thereby shall be adjusted accordingly." (Our emphasis).
The crux of the question presented by this appeal is whether the 1947 amendment to § 52-1119, supra, empowered the County Council to reduce the salary of the County Director of Public Welfare as fixed by the County Board of Public Welfare.
Prior to that amendment the only limitation placed on the authority of the County Board of Public Welfare in fixing the salary of the Director was that it be "within the salary ranges of the pay plan adopted by the Indiana personnel board and approved by the state budget committee." Appellant concedes that prior to the 1947 amendment there probably would be merit to the contention of appellee.
In 26 West's Indiana Law Encyclopedia, Statutes, § 161, p. 360, it is stated:
"Generally a statutory amendment which changes the language of a prior statute indicates a legislative intention that the meaning of the statute has been changed, and raises a presumption that the Legislature intended to change the law. .. ." See cases cited. (Our emphasis).
We are of the opinion that the legislature, by the 1947 amendment, clearly expressed its intention that the County Council was not bound to fix the salary of the Director at the amount determined by the County Board of Public Welfare. The phrase "within the lawfully established appropriations" could only mean the amount fixed as such salary by the County Council, because it alone *44 had the authority to make appropriations out of the county treasury. Sec. 52-1119, supra.
Sec. 52-1304, supra, specifically provides that if the amount recommended by the Board of Public Welfare, pursuant to § 52-1302, supra, "be reduced by the county council or the county board of tax adjustment in an amount which, in the judgment of the county board of public welfare or the state board of public welfare, will not afford sufficient funds to maintain the county welfare services adequately, the county board of public welfare, on its own initiative, may, and, on request in writing from the state board of public welfare, shall appeal therefrom to the state board of tax commissioners." This section further provides for a hearing and gives the tax board authority to increase or decrease the amount of the levy or the budget, or it may affirm the levy and budget as adopted by the County Board of Tax Adjustment. It is further provided that the order of the State Board of Tax Commissioners shall be final.
The stipulation of the parties shows that no appeal was taken by the County Board of Public Welfare from the action of the County Council to the State Board of Tax Commissioners for the years 1953 through 1957. Therefore, pursuant to the statute, the amount appropriated by the County Council became final. The failure of the County Board of Public Welfare to appeal was in effect an acquiescence to the action of the County Council.
As heretofore set out under stipulation number 7, the County Board of Public Welfare fixed the salary of appellee as Director for the year 1958 in the amount of $6,120.00. The County Council appropriated said sum for appellee's salary for that year.
*45 On September 16, 1957, certain taxpayers of Perry County filed a petition with the State Board of Tax Commissioners to reduce the appropriation for the salary of the appellee. A hearing was held on said petition and on November 21, 1957, the State Board of Tax Commissioners entered an order reducing her salary to $3,900.00.
Judgment reversed with instructions for further action in accordance with the views herein stated.
Kelley, P.J., and Bierly, J., concur.
Gonas, J., dissents without opinion.
NOTE.  Reported in 181 N.E.2d 241.