The State, *ex rel.* Fry, *v.* The Board of Commissioners of Martin County.

No. 15,566.

THE STATE, EX REL. FRY, *v.* THE BOARD OF COMMISSIONERS OF MARTIN COUNTY.

| 125 | 247 |
|---|---|
| 125 | 462 |
| 125 | 247 |
| 128 | 299 |
| 125 | 247 |
| 144 | 118 |
| 125 | 247 |
| 163 | 20 |
| 125 | 247 |
| 170 | 138 |

BRIDGE.—*County Commissioners.*—*Superintendent of Work.*—*Appointment of.*—*Mandamus.*—A board of county commissioners can not be compelled by mandamus, after making an order for the construction of a bridge, to appoint a superintendent to take charge of the work.   The appointment of such superintendent is discretionary with the board, under section 2888, R. S. 1881.   There is not much room to doubt that the board of commissioners has the power to let the contract and construct a bridge without the intervention of a superintendent.

SAME.—*Order for Erection of New Bridge—Discretionary Power.*—*Mandamus will not Lie to Compel Construction.*—A board of county commissioners having entered an order for the construction of a bridge, which it is authorized by statute to erect, has the discretion to build it or not, as it may see fit, and can not be compelled by mandamus to carry the order into effect.   From necessity, the time, place, and manner of constructing bridges are in the discretion of the board of commissioners, and they are not divested' of such discretion until such bridges are constructed. In the case of repairing bridges, or in rebuilding necessary bridges destroyed, the board of commissioners, ordinarily, has no discretion, but a different rule applies in the construction of new bridges.

SAME.—*Order for Erection of.*—*Not a Judicial Proceeding.*—The entering of an order to construct a bridge across a stream is not in the nature of a judicial proceeding, in which, when the board has once entered an order, it has no power to set it aside.   There are no adversary parties, and no notice is required.   Until such bridge is constructed no person can be said to have any pecuniary interest in such order.   It is a mere preliminary step, having in view a public improvement which the board of commissioners may or may not, in its discretion, make.

The State, *ex rel.* Fry, *v.* The Board of Commissioners of Martin County.

MANDAMUS.—*When Not Granted.*—*Discretionary Power.*—A writ of mandamus will not be granted to control the discretion of a person, board, corporation, or tribunal, where a discretionary power has been conferred, or where such power confessedly exists.

PLEADING.—*Sufficiency of Bad Answer.*—A bad answer is sufficient for a bad complaint.

From the Jackson Circuit Court.

*J. W. Burton,* for appellant.

*H. McCormick* and *W. E. Niblack,* for appellee.

COFFEY, J. — This was a petition by the appellant against the appellee for a writ of mandamus. The petition alleges, substantially, that the appellant is a resident citizen and taxpayer of Martin county, Indiana, and as such is interested in the improvement of the public highways, and the erection and construction of the necessary bridges over and across the streams of water in said county ; that at the regular June session, 1887, of the board of commissioners of said county, upon the petition of numerous citizens and taxpayers of said county, said board made and entered of record an order that a good substantial bridge of iron be erected across White river, at Hindostan Falls, in said county, where the highway crosses said river at said falls ; that said board appointed Thomas M. Clarke and William M. James to make an accurate survey and estimate of said location and proposed bridge, and to prepare plans for the piers and abutments of said bridge, and to file their report with the auditor of said county, all of which was done ; that said report was accepted and adopted by said board ; that at the September session, 1887, said board, on the petition of divers citizens and taxpayers of said county, appointed one John M. Sherfick superintendent of said bridge, to advertise for bids for the erection and construction of the same, and to superintend the work thereon ; that said Sherfick duly qualified and entered upon the discharge of his duties ; that after the said Sherfick had let the contract for the building of the stone-work for the abutments of said bridge,

and after the contractors therefor had performed stone-work thereon of the value of about sixty dollars, according to the terms of their said contract, and after an estimate had been made, and said sum found to be due for said work, the said board of commissioners peremptorily refused to allow the same, or to make an order for the payment thereof; that on the 8th day of December, 1887, said board made an order removing said Sherfick from his said trust, and ever since said date it has wholly refused, and still refuses, to recognize him as such superintendent, or to recognize any of his acts as such, and has ever since wholly failed and refused to appoint a successor to the said Sherfick, although it is its duty so to do, and although it has been repeatedly requested by many of the citizens and taxpayers of said county, and especially by the relator, to make such appointment; that said board wholly and wrongfully neglects and refuses to make any appropriations out of the treasury of said county for the erection and construction of said bridge, or to take any steps, or to make any orders to carry out the order so made by it at its June session, 1887, for the building of said bridge, to the great hindrance, delay, and inconvenience of the relator and many others of the citizens and taxpayers of said county. Prayer for an alternative writ of mandate commanding said board to show cause, if any it has, why it should not appoint a superintendent of said bridge, and why it refuses to make appropriations for the building of the same, and why it does not proceed to carry out the order made at its June session, 1887, for the building of said bridge.

The venue of the cause was changed from the Martin Circuit Court to the Jackson Circuit Court.

In the latter court a demurrer was filed to the alternative writ of mandate, which was overruled, and the appellee excepted.

The appellee then filed an answer consisting of six paragraphs. The court sustained a demurrer to the sixth para-

graph of said answer, and overruled it as to the second, third, fourth and fifth paragraphs. The appellee withdrew the first paragraph of its answer, which was a general denial, and, the appellant refusing to plead further, the court rendered judgment against him for costs.

The appellant assigns as error that the court erred in overruling his demurrer to the second, third, fourth and fifth paragraphs of the appellee's answer.

The appellee assigns as cross-error that the court erred in overruling its demurrer to the alternative writ of mandate.

In the natural order, the first question demanding our consideration relates to the sufficiency of the alternative writ of mandate, and in an examination of this question it is well to keep in mind some of the general rules governing proceedings of this nature.

A writ of mandamus will be issued to an inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, or the discharge of some duty resulting from an office, trust or station. Section 1168, R. S. 1881; 4 Wait Actions and Defences, 357; *State, ex rel.*, v. *Demaree*, 80 Ind. 519; *Gardner* v. *Haney*, 86 Ind. 17; *State, ex rel.*, v. *Bonnell*, 119 Ind. 494; High Extraordinary Legal Remedies, section 1.

Such writ will not be granted to control the discretion of a person, board, corporation or tribunal where a discretionary power has been conferred, or where such a power confessedly exists. *City of Fort Wayne* v. *Cody*, 43 Ind. 197; *State, ex rel.*, v. *Board, etc.*, 45 Ind. 501; *Mitchell* v. *Wiles*, 59 Ind. 364; *Holliday* v. *Henderson*, 67 Ind. 103.

A writ of mandamus will not be awarded where another and an adequate legal remedy exists. *Louisville, etc., R. R. Co.* v. *State, ex rel.*, 25 Ind. 177; *State, ex rel.*, v. *Board, etc., supra; Gardner* v. *Haney, supra; City of Indianapolis* v. *McAvoy*, 86 Ind. 587; *Harrison School Tp.* v. *McGregor*, 96 Ind. 185.

Section 2885, R. S. 1881, provides that " Whenever in

The State, *ex rel.* Fry, *v.* The Board of Commissioners of Martin County.

the opinion of the county commissioners the public convenience shall require that a bridge should be repaired or built over any watercourse, they shall cause survey and estimate therefor to be made, and direct the same to be erected."

Section 2886 provides that " If the estimate therefor shall exceed the ability of the road district in which such bridge is to be built, by the application of its ordinary road work and tax, to perform, the county commissioners may make an appropriation from the county treasury to build or repair the same."

Section 2888 provides that " For the erection of any such bridge said board may appoint one or more discreet persons as superintendents thereof."

Section 2890 provides that " Such superintendents, after having given thirty days' notice thereof, by posting up notices in three public places of the township in which such bridge is to be erected, or by publication in a newspaper of such county, shall receive sealed proposals for the erection of such bridge or bridges, shall let the same to the lowest responsible bidder," etc.

It will be observed that there is no allegation to the effect that the superintendent advertised for sealed proposals to do the work for which it is alleged he contracted, nor is it shown that he complied with any of the statutory requirements in letting the work ; nor is it shown, except by inference, that the estimate exceeds the ability of the road district in which the bridge is to be built, by the application of its ordinary road work and taxes, to perform ; nor that there is, or has been since the order for building the bridge was entered, any money in the county treasury with which to pay for the erection of such bridge. It is safe to assume, therefore, as the contrary is not alleged, that nothing has been done which can be said to be binding on the county, except an order *to* build and construct the bridge in controversy. The appellee could not be compelled by mandate to appoint a super-

intendent, for it is plain from the reading of the statute that the appointment of such superintendent is discretionary.

There is not much room to doubt that the board of commissioners has the power to let the contract and construct a bridge without the intervention of a superintendent. But assuming, as we think we may, that the bridge described in the complaint is one which should not be constructed by the road district in which it is to be built, and assuming, also, that there is money in the county treasury with which to pay for the construction of such bridge, or that the indebtedness of the county is not such as to prevent the appellee from contracting a debt for its construction, and we are confronted with the question as to whether the appellee can be compelled, by mandamus, to erect the bridge involved in this suit.

If entering an order to construct a bridge across a stream at a particular place were confessedly a judicial proceeding, the case would be relieved of some of its difficulties, for it is settled that when the board of commissioners, in such a proceeding, has once entered an order, it has no power to set such order aside. *Board, etc.,* v. *State, ex rel.,* 61 Ind. 75; *Doctor* v. *Hartman,* 74 Ind. 221.

But entering such order is not in the nature of a judicial proceeding. There are no adversary parties, and no notice is required. Until such bridge is constructed no one can be said to have any pecuniary interest in such order. It is a mere preliminary step, having in view a public improvement, which the board of commissioners may or may not in its discretion make. To hold that the board may not, after taking such preliminary step, recede from it, would be most disastrous to the public interest. Should it be ascertained, after such order was entered, that the highways leading to such bridge were not legally established, and that it would cost large sums of money to procure a right of way by which the public could reach such bridge, or if by freshets or otherwise the channel of the stream should be changed in such a

way as to render it inexpedient to build a bridge at the point named in the order, or if the board should become satisfied that it was mistaken as to the necessities for such bridge, and that its construction would involve a large and useless expenditure of the public money, it would be monstrous to hold that it could not abandon its preliminary order. From necessity, the time, place and manner of constructing bridges are in the discretion of the boards of commissioners, and they are not divested of such discretion until such bridges are constructed.

Elliott, in his work on Roads and Streets, page 34, says: " In many of the States the question of when and where it is expedient to build a bridge is left to the decision of the local authorities, and in such cases the courts can not control the exercise of the discretionary power vested in those authorities. Nor will the court interfere by mandamus where the duty to rebuild is discretionary, nor where the county has no funds with which to build."

In our opinion the appellee had a discretion to build or not to build the bridge described in the complaint, and having such discretion it was not in the power of the courts to control the same. *State, ex rel.,* v. *Board, etc.,* 119 Ind. 444. For this reason the court erred in overruling the demurrer to the alternative writ of mandate.

This case is not governed by the authorities upon the subject of repairing bridges, or of rebuilding necessary bridges destroyed. In the case of repairing bridges, or in rebuilding necessary bridges destroyed, the board of commissioners, ordinarily, has no discretion. *State, ex rel.,* v. *Demaree, supra*; *State, ex rel.,* v. *Board, etc.,* 80 Ind. 478 ; *Board, etc.,* v. *State, ex rel.,* 113 Ind. 179.

As we have reached the conclusion that the court erred in overruling the demurrer to the alternative writ of mandate, it becomes unnecessary to inquire into the sufficiency of the answers. It has been so often held that a bad answer is suffi-

cient for a bad complaint, that every lawyer is now familiar with the rule, and we need not cite authorities.

The correct result was reached in this case, and the judgment of the circuit court is affirmed.

Filed Oct. 7, 1890.