THE STATE EX REL. JOHNSTON *v.* WAYNE COUNTY COUNCIL.

[Nb. 19,585.    Filed November 1, 1901.]

COUNTIES.— *County Council.—Appropriations.— Special Session.—* Only in a case of emergency arising after the close of the regular annual meeting of the county council can further appropriations be made at a special meeting of such council.    *p. 359.*

SAME.— *County Council.—Appropriations.— Special Session.—* The failure of the county council at a regular meeting to make an additional appropriation to cover a claim filed by a township assessor for services rendered does not show an emergency within the meaning of §5594a1 Burns 1901 to justify a special session for the purpose of making the additional allowance.    *p. 359.*

SAME.—*County Council.—Failure to Make Appropriation.—*The failure or refusal of the county council to make an appropriation to pay a claim against the county does not affect the validity of the claim.    *p. 359.*

SAME.—*County Council.—Appropriations.—Mandamus.—*Where the amount of a claim is not fixed by law or ascertained by judgment, the county council may in its discretion refuse to make an appropriation for its payment, and the exercise of such discretion cannot be controlled by the courts by their writ of mandamus.    *p. 359.*

From Wayne Circuit Court; *H. C. Fox,* Judge.

Mandamus by State, on relation of Samuel J. Johnston, against Wayne County Council and others to require the council to make an additional appropriation for the payment of relator's services as township assessor. From a judgment for defendants, relator appeals. *Affirmed.*

*C. E. Shively* and *A. C. Lindemuth,* for appellant.

*T. J. Study* and *J. L. Rupe,* for appellee.

Dowling, J.—The relator applied to the Wayne Circuit Court for a writ of mandate requiring the auditor to convene the Wayne county council in special session, and commanding that body, when so convened, to make an additional appropriation of the funds of Wayne county to pay an alleged claim of the relator for services rendered by him as assessor of Boston township. An alternative writ was issued, and on motion of the appellee, the Wayne county council, the same was quashed by the court. To this ruling the relator excepted, and, electing to stand upon his complaint and writ without amendment, judgment was rendered against him. The relator appealed, and insists that the court erred in quashing the alternative writ, and in rendering judgment against him.

The material allegations of the complaint and writ are as follows: The relator, Johnston, is, and during the times mentioned in the complaint and writ was, the assessor of Boston township, Wayne county, Indiana; on April 1, 1900, he began the work of assessing the real and personal property within his township, and continued such work until finished; he was actually and necessarily occupied in such work sixty days, and there is due him as compensation therefor, at $2 per day as prescribed by law, the sum of $120; prior to the Thursday following the first Monday in August, 1899, to wit, on July 21, 1899, he prepared an estimate of the amount of money required for his office for the ensuing calendar year, which estimate amounted to $120, and such estimate was presented to the auditor of said county, and filed with that officer on the same day; said estimate was by the auditor kept on file in his office, subject to inspection by any taxpayer of the county, and due notice of the same was given by said auditor before the presentation of said estimate to the Wayne county council at its regu-

lar annual meeting on the first Tuesday after the first Monday of September of said year; on said last named date the auditor presented said estimate to the Wayne county council, which neglected and refused to make a sufficient appropriation to pay said claim, but appropriated $90, only, as compensation for the services of the relator. On June 4, 1900, the relator filed with the auditor of said county an itemized bill of the services rendered by him as such township assessor, verified by his oath, and on the 23rd day of July, 1900, that officer audited the said claim, and found that there was due to the relator thereon the sum of $120; said auditor thereupon issued to the relator his warrant upon the county treasurer for $90, so appropriated as aforesaid by the Wayne county council, but refused to issue a warrant for the full amount of said sum of $120 because a sufficient appropriation had not been made therefor. The relator appeared before the Wayne county council September 4, 1900, at a regular meeting thereof, and demanded that an additional appropriation be made by said council to pay the balance due on his claim, but his demand was refused. The appellee Reid is the auditor of said county; there is due on relator's claim the sum of $30; the auditor is unable to issue a warrant for the same for the reason that no appropriation has been made to pay it; the Wayne county council is now in session, and will not again be in session unless specially called by the auditor until January, 1901.

The complaint concluded with a prayer for an alternative writ commanding the auditor to call together the Wayne county council, in special session, to make an order for an additional appropriation of the funds of the county to pay the balance of relator's said claim.

The case seems to be a plain one. The action of the court in quashing the writ was clearly right. The compensation of the relator was not a fixed salary, but was so much per diem for an indefinite period not exceeding sixty days. He could not fix the amount to be paid to himself, nor had

State, *ex rel.*, *v.* **Wayne County Council.**

the auditor or the board of commissioners authority to do so. The relator's claim did not differ from other unliquidated demands against the county. Acts 1899, p. 343, §§17, 19, §§5594w, 5594y Burns 1901.

This case is easily distinguishable from *Morris* v. *State,* 96 Ind. 597. There, the clerk was the agent of the county in purchasing the goods; he had no personal interest in the demand; and the statute made his certificate sufficient evidence of the claim.

The county council could not be compelled by mandate to make a further appropriation for the payment of this demand. Only in a case of emergency, arising after the close of the regular annual meeting of the county council, can further appropriations be made at a special meeting of such council. In the present case, no emergency was shown to exist, and unless a judgment has been recovered on the claim it is difficult to conceive of such an emergency as is contemplated by the statute. §5594a1 Burns 1901.

The failure or refusal of the county council to make an appropriation to pay a claim against the county does not affect the validity of the claim. Its payment, however, is postponed until an appropriation is made, and public funds are provided to meet it.

Where the amount of the claim is not fixed by law, or is not ascertained by judgment, the county council may, in its discretion, refuse to make an appropriation for its payment, and the exercise of such discretion cannot be controlled by the courts by their writ of mandamus.

The motion to quash the alternative writ was properly sustained. We find no error. Judgment affirmed.