BOARD OF COMMISSIONERS OF TIPPECANOE COUNTY *v.*
DAVIS, TOWNSHIP ASSESSOR.

[No. 13,235. Filed February 23, 1929. Rehearing denied June 21, 1929. Transfer denied November 20, 1929.]

*Charles A. West* and *Lowell L. Martin,* for appellant.
*Edgar D. Randolph* and *John B. Randolph,* for appellee.

NICHOLS, J.—Appellee filed a petition before the board of commissioners of Tippecanoe county for the allowance of a salary of $250 per month, or $3,000 annually, by virtue of the fifth provision of §136 of the Tax Law of the acts of the General Assembly of 1919 (Acts 1919 p. 198), being §14176 Burns 1926. The board of commissioners denied the petition. Appellee appealed to the Tippecanoe Circuit Court; said cause was tried by the court, and there was a finding and judgment in favor of appellee that he was entitled to a salary of $3,000 annually, from which this appeal.

The errors assigned are the court's action in overruling appellant's demurrer to appellee's petition, and in overruling appellant's motion for a new trial. These rulings present the same substantial question, to wit: Is appellee entitled, as assessor of Fairfield township, Tippecanoe county, under the statute, to a salary of $3,000 per annum? Said fifth provision, Acts 1919, at p. 273, reads: "That each assessor in any township in this state containing a population of over one hundred thousand and not over two hundred thousand as shown by the last preceding United States census or in any township where the assessed valuation, as shown by the

last preceding assessment, amounts to thirty million dollars of taxables or more, shall receive for the time he is necessarily engaged in the discharge of his official duties the annual salary of three thousand dollars and such payment shall be deemed payment in full for all services of whatever kind he shall perform as such assessor, he being required to keep his office open every working day in the year."

It appears by the evidence, part of which was by stipulation, that appellee was the duly elected assessor of Fairfield township, and had been acting as such since January 1, 1927; that the taxable valuation of the property of said township on January 1, 1927, exceeded $30,000,000; that, in the opinion of appellee, it was and is necessary to keep such office open the year around, and that he had so kept it open since January 1, 1927; that appellee had not been paid his salary on a basis of $3,000 per annum, but that he had received from the auditor of the county a warrant for $116.66, which he had refused to cash; that, several years ago, an order had been made by the board of commissioners directing the auditor to draw a warrant in the sum of $116.66 for a monthly payment of the assessor of Fairfield township, in accordance with the act of the Legislature of 1913, such a monthly warrant being on the basis of $1,400 per year; that the board of commissioners had made no other order for the payment of the salary of the assessor of such township; that the county council of Tippecanoe county had made no appropriation for the payment of such salary for the assessor of such township in the amount of $3,000 per annum, but that it did make an appropriation for the payment of such salary for the year of 1927, in the amount of $1,400.

If it may be said, as appellant contends, that appellee's petition is insufficient in its averments, it will be

deemed to be amended to correspond to the above-mentioned evidence and stipulation.

While appellant undertakes to present that the fifth provision of §136, *supra*, is invalid for the reasons that it is ambiguous, uncertain, indefinite and in conflict with the law defining the duties of an assessor, the reasons which it gives for such contention each and all go to the construction of the statute and not to its invalidity, unless it may be said that appellant's reason No. 10, to the effect that where a proviso of the statute is entirely contradictory and repugnant to the entire law, considered as a whole, it has been declared void, citing 36 Cyc 1108, goes to its invalidity. But it only requires a casual reading of the act, including such proviso, to determine that it is not repugnant to the entire law.

Appellant contends that there is no evidence to support the allegation that it is necessary to keep the office open each work day of the year, but such contention is not in harmony with the evidence. It seems to us, however, the trial court was right in holding that the question was one of law and not one of fact, for the reason that the statute expressly directs that the office shall be kept open each working day of the year. Further, the statute is equally clear that the salary of such assessor shall be $3,000 per year, and no construction is necessary.

Appellant's contention that appellee's claim is invalid for the reason that no appropriation of money with which to pay the same has been made cannot prevail. The claim herein does not grow out of a contract made in violation of the law, as in *Union School Township* v. *Moon* (1928), 161 N. E. (Ind. App.) 714, 162 N. E. (Ind. App.) 61, but is for the salary of a public official, the amount of which is fixed by law, and for which the council should have provided

by its general appropriation. As a matter of fact, there was an appropriation of $1,400, and, at the time appellee's claim was filed, there was money in the treasury out of which appellee's salary could have been paid. But, aside from this, it does not follow that, because there was no money in the treasury, if such had been the fact, out of which appellee's claim for his salary, as fixed by the statute, could be paid, the claim was, therefore, invalid. In *State, ex rel.*, v. *Wayne County Council* (1901), 157 Ind. 356, 61 N. E. 715, the court says: "The failure or refusal of the county council to make an appropriation to pay a claim against the county does not affect the validity of the claim. Its payment, however, is postponed until an appropriation is made, and public funds are provided to meet it." See, also, *Board, etc.*, v. *Pike Civil Tp.* (1907), 168 Ind. 535, 538, 81 N. E. 489. Appellee filed his claim with the board of county commissioners, and, failing to secure its allowance, he appealed to the circuit court and there obtained an order for a warrant for $250 per month for the salary due him. We hold that appellee's claim against the county is a valid claim, that appellee is pursuing the proper remedy for its collection, and that the demurrer to the petition and the motion for a new trial were each properly overruled.

Affirmed.