HAYWOOD PUBLISHING COMPANY *v.* WEST ET AL.

[No. 16,695. Filed March 5, 1942.]

570

*Albert H. Cole,* of Peru, and *Charles H. Robertson,* of Lafayette, for appellant.

*Oliver F. Rhodes,* of Peru, and *Arthur W. Parry,* of Fort Wayne, for appellees.

STEVENSON, J.—This appeal is from a judgment of the trial court whereby a contract with the appellant, Haywood Publishing Company, to furnish books, blanks, stationery and supplies for the county officials of Miami County was declared illegal and void.

The complaint upon which this judgment was predicated was filed by the appellees West and Steinmetz against all the other appellees and the appellant herein, and was an action for and on behalf of the taxpayers of Miami County. The complaint alleged the requisitions and appropriations for the supplies needed by the county in the way of stationery, the giving of notice that bids would be received therefor, and alleged that on the 7th day of December, 1938, the board of commissioners of Miami County met in the office of the auditor of said county for the purpose of opening the bids and awarding the contracts. The complaint alleges that upon the opening of said bids, which were submitted on five classes of supplies, the Wayne Paper Box and Printing Corporation, of Ft. Wayne, Indiana, bid as follows:

"On Class No. 1_____$  867.60
On Class No. 2_____   355.65
On Class No. 3_____   264.74

Total on Classes 1, 2, and 3_____$1,487.99"

The Haywood Publishing Company also filed its bid on three classes of printing as follows:

"On Class No. 1_____$1,454.99
On Class No. 2_____   577.80
On Class No. 3_____   422.21

Total on above three classes_____$2,455.00"

The complaint further alleges that these two bids were the only bids received on these three classes of supplies, and that the contract was awarded to the Haywood Publishing Company on the bid submitted.

The complaint charges that this action of the board of commissioners was illegal, arbitrary, and in abuse of the discretion of the board of commissioners. The complaint prayed that the contract so awarded be declared illegal and void, and that the same should be set aside.

The case was submitted to the court for trial; and the court, after hearing the evidence, found for the appellees West and Steinmetz on the complaint, and found that the contract entered into by the board of commissioners of Miami County and the appellant herein was illegal and void, and ordered that the same should be set aside and be declared of no force and effect. The motion for a new trial was filed and overruled, and the only error assigned to this court is the error in overruling appellant's motion for a new trial. Under this assignment of error, the appellant contends that the decision of the trial court is not sustained by sufficient evidence and is contrary to law.

The record discloses that at the trial of the case it was stipulated by and between the parties that all steps required by law were taken, and the proceedings of the board of commissioners were regular up to the time that the bids were received and the contracts were awarded, about which complaint is made. It is further stipulated that the appellant had furnished the supplies for the year 1939, pursuant to the contract to it awarded. The record further discloses that the Haywood Publishing Company has been engaged for many years in the business of furnishing books, blanks, stationery and supplies to county offices, and had furnished said supplies to Miami County for many years prior to the year 1939; its material and services rendered in this field had been entirely satisfactory. The appellant also concedes that the Wayne Paper Box and Printing Corporation, of Fort Wayne, Indiana, is a corporation of substantially the same size and financial responsibility as the Haywood Publishing Company and has for many years been engaged in business in Indiana.

The record further discloses that in the consideration of the bids above submitted, the representative of the Wayne Paper Box and Printing Corporation gave the board of commissioners the names of two counties with whom it had done business, and suggested that they be interviewed as to the quality and character of its work. The board of commissioners, acting upon this suggestion, called the two county auditors and received from one an unqualified endorsement and recommendation. The other county auditor, to whom the commissioners talked, refused to unqualifiedly endorse, and stated that some of their supplies purchased had not been entirely satisfactory, although satisfactory adjustments had been made. No further investigation was made and the contract was awarded to the appellant.

In the last analysis, therefore, the question presented by this appeal is whether or not this record discloses such a factual background as warrants the interposition of a court of equity to sanction or annul the action of the board of county commissioners in awarding this contract. Generally speaking, courts of equity are not endowed with visitorial powers to approve or disapprove the manner in which county commissioners exercise the powers conferred upon them.

". . . So long as the commissioners act honestly and in good faith and keep within the limits of the powers given them by the law, the courts have no authority to interfere with or control their legitimate discretion. The courts may, however, in proper cases, compel the board to perform the duties imposed upon it by law. They may also inquire whether an action or proposed action of the board is within its lawful authority and intervene to prevent illegality or fraud or gross abuse of power. In order to secure the intervention of equity in a matter involving the review of the action of county commissioners, the requisite jurisdictional facts of fraud, etc., must be alleged." 14 Am. Jur., Counties, § 33, p. 205.

This rule has been recognized and followed by both this court and the Supreme Court in the following recent cases: *Lee* v. *Browning* (1933), 96 Ind. App. 282, 182 N. E. 550; *Budd* v. *Board of Co. Comrs. of St. Joseph County* (1939), 216 Ind. 35, 22 N. E. (2d) 973.

Stated more broadly, the rule, as deducted from a long list of authorities collected from many states, is found in an annotation in 38 L. R. A. (N. S.), p. 655.

"The general rule as deduced from the cases is that, in awarding contracts of this nature, public authorities are vested with discretion in determin-

ing who is the lowest and best bidder, and their decision will not be interfered with by the courts, even if erroneous, provided it is based on a sound and reasonable discretion founded on facts and exercised in good faith, in the interest of the public, without collusion or fraud, nor corruptly, nor from motives of personal favoritism or ill-will, and not abused."

Measured by these rules, this court is called upon to determine whether or not the record in this case discloses such an abuse of discretion, on the part of the board of commissioners of Miami County, as warrants a court of equity in invalidating the contract entered into by such board and the appellant. Since this court has said that only such an abuse of discretion on the part of the board of commissioners as amounts to fraud will warrant the intervention of the court of equity, it is proper for us to first determine what constitutes fraud within the meaning of the rule.

On this subject, our Supreme Court has recently spoken in the following language:

"Fraud may be actual or constructive. Constructive fraud is a breach of legal or equitable duty which, irrespective of the moral guilt of the fraud feasor, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests. 26 C. J., p. 1061; *Gorham* v. *Gorham* (1913), 54 Ind. App. 408, 103 N. E. 16. Such a situation may arise when the conduct under inquiry is so manifestly wrong and prejudicial to the public interest as to create a conviction that it was the result of fraud and a plain disregard of public duty." *Budd* v. *Board of Co. Comrs. of St. Joseph County, supra,* p. 39.

Because of this rule, it is our opinion that the conduct of the board of commissioners of Miami County cannot be justified in this instance. The statute under which they were operating required that the contract for the

furnishing of these supplies should be let "to the lowest and best responsible bidder." § 26-236, Burns' 1933.

On the first three classes of supplies involved in this litigation, only two bids were submitted. The appellant's bid for these supplies, under the specifications prescribed, was $2,455.00. On the same specifications and for the same supplies, the bid of the Wayne Paper Box and Printing Corporation was $1,487.99. The bid of the appellant was almost $1,000.00 higher than the other bid submitted, or approximately 65% in excess of the low bid. The contract was not awarded to the lowest bidder, and there is no contention that the appellant was entitled to this business because of its being more responsible financially. Clearly, there is nothing in the record to disclose that the county was benefited by this transaction to the extent of $1,000.00. The most that can be said against the materials which the Wayne Paper Box and Printing Corporation proposed to furnish is that certain paper furnished by them to another county had been slightly off-color and that the leaves in some of the books had not been securely bound. These defects, when called to the attention of the corporation, had been satisfactorily corrected and neither the taxpayers nor the public had been occasioned any loss or great inconvenience thereby. There seems to be no justification, therefore, for the expenditure of this additional $1,000.00 of the taxpayers' money; and in so doing, it is apparent that the commissioners in this case did not have in mind their public duty to carefully guard the expenditure of public funds. The additional expenditure of $1,000.00 of public funds cannot be justified on the single fact that one particular county official had found some minor objections to the supplies and materials furnished to his county by the lowest responsible bidder. No further

investigation was made and no information was received by the board of commissioners which would justify their conclusion that the supplies upon which the bids were submitted would not meet the required specifications and would not be satisfactory in every detail. In the absence of such information, it is apparent that the board acted from motives of favoritism rather than in the interest of public good.

It is our opinion that the court of equity has jurisdiction to enjoin or invalidate the performance of an act by a public officer, if it is of such a character as to necessarily result in a plain, bald, useless waste of public funds. It is true, the act must be such that there can be no fair question in the judgment of reasonable men as to its character. If it is possible for fair minded men to differ in regard to the character or policy of the act in question, then the judgment of the officers should prevail. If, on the contrary, the official act, plainly and beyond all fair controversy, is wasteful and a mere squandering of public funds, then the courts may declare such conduct on the part of such public officials constructively fraudulent.

The record in this case discloses such a state of facts as warranted the trial court's action in declaring this contract invalid. There was accordingly no error in overruling the appellant's motion for a new trial. Finding no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

NOTE.—Reported in 39 N. E. (2d) 785.