COUNTY DEPARTMENT OF PUBLIC WELFARE OF MARION COUNTY
v. CITY-COUNTY COUNCIL OF MARION COUNTY ET AL.

[No. 1-375A61. Filed December 23, 1975. Rehearing denied January 20, 1976. Transfer denied June 22, 1976.]

*Robert W. Geddes, Smith and Jones,* of Indianapolis, *Carl J. Meyer, Rhoads, Meyer, Buehl & Cutter,* of Indianapolis, *Seth B. Lewis, Lewis & Hardin,* of Danville, for appellants.

*Gary R. Landau,* City-County Legal Division, of Indianapolis, *Theodore Sendak,* Attorney General of Indiana, *E. Alonzo Deckard, Lind, Deckard, O'Brien & Lawson,* of Danville, for appellees.

ROBERTSON, C.J.—The Marion County Welfare Department brings this appeal from the trial court's denial of a petition for mandate seeking to compel the City-County Council (Council) of Marion County to effectuate a salary increase for department employees.

The primary issue upon appeal is whether the refusal of the council to grant the salary increase was in violation of state law.

Finding no error, we affirm the trial court's denial of the petition for mandate.

Indiana accepted all of the provisions and benefits of the federal Social Security Act by adopting IC 1971, 12-1-2-12 (Burns Code Ed.). In order to comply with the federal act and its regulations, the Indiana General Assembly placed all county welfare department employees under the State Per-

sonnel Act. IC 1971, 4-15-2-1 *et seq.* (Burns Code Ed.). Specifically, IC 1971, 4-15-2-3(a)(1) (Burns Code Ed., Supp. 1975) provides:

"(a) 'state service' means public service by: (1) employees and officers, including the director, of the county departments of public welfare. . . ."

With respect to compensation, the State Personnel Act requires a classification plan grouping all positions into classes based upon duties, authority and responsibility. IC 1971, 4-15-2-9 (Burns Code Ed.). The State Personnel Director has the responsibility for preparing the plan for all employees in "state service". The plan takes effect when adopted by the State Personnel Board and approved by the State Budget Agency. IC 1971, 4-15-2-11 (Burns Code Ed.). As to the compensation of county welfare employees, IC 1971, 17-1-24-18.1 provides in pertinent part:

"The county council shall establish the compensation of the director of county welfare and other officers and employees of the county department of public welfare within the salary ranges of the pay plan adopted by the Indiana Personnel Board and approved by the state budget committee pursuant to IC 1971, 12-1-3 [12-1-3-1—12-1-3-11] and IC 1971, 4-15-2 [4-15-2-1—4-15-2-46]."

On April 19, 1974, the State Personnel Director recommended, the Personnel Board adopted, and the State Budget Agency approved, a seven and one-half (7.5%) percent general salary increase in the pay of "state service" employees.

The Board of Directors of the Marion County Welfare Department approved this general salary increase to become effective for all employees of the county welfare department on May 1, 1974. On June 17, 1974, the Marion County Welfare Director appeared before the council and requested that the general salary increase be adopted. The council refused to effectuate the increase for the remainder of 1974. However, at its regularly scheduled budget meeting in September, the council did adopt the pay plan to take effect for 1975.

The county welfare department filed suit seeking a writ of mandate to compel the council to establish the pay increase for the remainder of 1974. The court refused to grant the petition and the county welfare department brings this appeal.

The county welfare department contends that the council violated state law by refusing to establish the pay increase to take effect during 1974, as did the pay increase for state employees.

IC 1971, 17-1-24-18.1 (Burns Code Ed.) quoted above, imposes a clear duty upon a county council to establish the compensation of county welfare employees in accordance with state pay plans. After the state pay plans were adjusted to incorporate the salary increase, the council was under a duty to effectuate the increase for county welfare employees. However, that statutory provision does not specify *when* the county council must take that action.

The county welfare department argues that IC 1971, 17-1-24-18.1 (Burns Code Ed.) imposed a duty upon the council to adopt the salary increase to become effective at the same time as the increase for state employees took effect. The statute provides otherwise.

IC 1971, 17-1-24-18.3 (Burns Code Ed., Supp. 1975) entitled "Procedures for implementation," provides in part:

". . . The county council shall, at its prescribed annual meeting beginning on the first Tuesday after the first Monday in September of each year, after consideration of all recommendations and statements concerning salaries and number of employees from the board of county commissioners, adopt a separate ordinance fixing the salaries of all officers, deputies, assistants and employees within the purview of this chapter . . . In the fixing of salaries, the council shall observe all minimums provided by law or as provided by all applicable rules and regulations."

Thus, the council was under no statutory duty to conform to state adopted pay plans at any other time than the regular date for adoption of all county salary schedules which is early in September. In the present case, the council followed

this procedure by meeting in September and adopting the increase effective for 1975. The refusal to grant the increase for 1974 was not in violation of state statute.

The salaries of county welfare employees may be increased during the course of the year but this is left to the discretion of the county council as provided in IC 1971, 17-1-24-18.3 (Burns Code Ed.):

"The salaries of elected officers shall not be changed in the year for which fixed except as may be required to provide statutory minimum. The salaries of other officers, deputies, assistants and employees or the number of each may be changed at any time pursuant to application of the affected officer, department, commission or agency and upon the affirmative vote of as many councilmen as is required by law to pass an ordinance of emergency appropriations"

As a general rule, mandate will not lie against a public body to enforce a claim unless it is based upon a clear legal right or duty involving no discretion. *Knutson* v. ■ *State* (1959), 239 Ind. 704, 157 N.E.2d 469; *State ex rel. Fry* v. *Board of Commissioners of Martin County* (1890), 125 Ind. 247, 25 N.E.2d 286; *State ex rel. Reynolds* v. *Board of Commissioners of Tippecanoe County* (1874), 45 Ind. 501; 19 I.L.E., Mandate and Prohibition § 48, p. 199. Moreover, there is no evidence in the present case to suggest that the council's actions constituted a clear abuse of discretion. The announcement of a general salary increase from the State Personnel Director sent to all county welfare directors in the state acknowledged that increases for county welfare employees could be effective on various dates. That announcement reads as follows:

"Governor Bowen, the State Budget Agency, and the State Personnel Division have approved a general salary increase for State employees. Enclosed is the revised monthly Salary Increment Plan which reflects the increased salaries for each pay range and step. These salary increases may be effective on May 1, 1974, July 1, 1974, October 1, 1974 or January 1, 1975, as funds become available and as you receive approval from your County Welfare Board and County Council."

The county welfare department next contends that the council's refusal to grant the pay increase violated the equal protection clauses of both federal and state constitutions since it resulted in different treatment for persons similarly situated, namely county and state welfare workers.

As discussed above, the council acted in accordance with state statutes when it adopted the salary increase for 1975. Any difference in treatment of state and county welfare employees has a rational basis in the differences between county and state budget-making procedures. The guarantees of equal protection were not violated.

The writ of mandate was properly denied.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 338 N.E.2d 656.