PAUL BROWN, ET AL. AS THE VANDERBURGH COUNTY COUNCIL AND CURT JOHN, AUDITOR OF VANDERBURGH COUNTY, INDIANA *v.* STATE OF INDIANA EX REL. WILLIAM J. BRUNE, PROSECUTING ATTORNEY FOR THE FIRST JUDICIAL CIRCUIT, STATE OF INDIANA.

[No. 1-876A136. Filed January 31, 1977. Rehearing denied April 20, 1977. Transfer denied August 15, 1977.]

*Robert John, Bunner, John & Heathcotte,* of counsel, of Evansville, for appellants.

*John D. Clouse,* of Evansville, for appellee.

LYBROOK, J.—The Vanderburgh County Council (Council), defendant-appellant, brings this appeal from an order mandating it to appropriate substantial sums of money to plaintiff-appellee, William Brune, as Prosecuting Attorney for said county. These funds were for expanded operation of the Vanderburgh County prosecutor's office.

The record reveals that Brune had held the office of Prosecuting Attorney of Vanderburgh County since 1971. Brune testified that he had followed an aggressive program of prosecution which had resulted in a doubling of the work load for his office. Numerous individuals testified as to the duties, responsibilities and backlog of cases existing in the prosecutor's office. Testimony was given which indicated that personnel had left the prosecutor's staff due to insufficient salary. Other personnel had stayed based on Brune's promise to obtain a raise in salary for them.

Brune also testified in regard to a "Deferred Alcohol Prosecution Program"[1] which he had initiated and the funds that were needed for its operation.

---

1. See *Brune* v. *Marshall* (1976), 169 Ind. App. 637, 350 N.E.2d 661, for an explanation of the program.

The order of the trial court listed numerous accounts and mandated the council to appropriate funds to each of these accounts in the amounts requested by Brune. Subsequently the original temporary order of mandate was modified and made permanent on March 11, 1976. The chief effect of the order of mandate was to increase the salaries of Brune's staff and include the staff of the "Deferred Prosecution Program" as a part of his staff. All items not specifically mentioned in the order of mandate were to remain as appropriated by the council in the 1976 budget allocations for the prosecutor's office.

The judgment specifically held that the requests of Brune were reasonable and were not arbitrary, extravagant nor unwarranted.

The council presents the following issues for our review:

(1) Is the appropriation of funds for a prosecutor's staff within the discretion of the county council and if so what is the proper standard of review to be applied to any action which the council takes?

(2) Did Brune have an adequate remedy available to him prior to initiating an action for mandate? And if so, must Brune avail himself of that remedy prior to court action?

(3) Is mandate available to command the performance of a discretionary act by the council?

(4) Is the "Deferred Prosecution Program" required by law as a duty of the prosecutor

(5) Did the trial court usurp the legislative function of the county council?

### I.

The initial issue for our review concerns the legislative intent embodied in the statute enacted to require county councils to fund the operations of the prosecutor's offices. IC 1971, 33-14-7-2 (Burns Code Ed.) in pertinent part reads:

\* \* \*

"There shall also be appropriated annually by the various county councils for other deputy prosecuting attorneys, for investigators, clerical assistance, witness fees, out-of-state

travel, postage, telephone tolls and telegraph [,] repairs to equipment, office supplies, other operating expenses, and equipment, an amount as may be necessary for the proper discharge of the duties imposed by law upon the office of the prosecuting attorney of each judicial circuit."

It is clear from a reading of this statute that the power to appropriate funds for prosecutors' staffs has been delegated to the county councils. The question becomes: Which party shall determine what is "necessary" for the proper discharge of the duties imposed by law on the prosecutor's office?

A reading of the above quoted statute indicates that the legislature has imposed a duty upon county councils to adequately fund the prosecuting attorney and enable him to properly discharge his duties imposed upon him by law. Therefore, both the duty and the broad general standard have been specified by the legislature. Apparently the statute delegates the determination of what is "necessary" to the county council. While it is true that some minimum level of appropriation would fall below the level of "necessity", it is equally true that reasonable men could disagree as to what is "necessary". It would therefore appear that the county council has been delegated the duty, by statute, to support the prosecutor's office. The council is also given broad discretion in the exact amounts to be appropriated in complying with that statutorily imposed duty.

Once it has been determined that a governmental body is performing a discretionary act, our next step is to ascertain the proper standard of review for testing actions by governmental bodies.

It has long been the law in Indiana, as well as elsewhere, that discretionary decisions of a governmental body will not be reversed absent a showing that the decision was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law. *County Dept. of Welf.* v. *City-County Council* (1975), 167 Ind. App. 334, 338

N.E.2d 656; *Pope* v. *Marion County Sheriff's Merit Board* (1973), 157 Ind. App. 636, 301 N.E.2d 386; *Haywood Pub. Co.* v. *West* (1942), 110 Ind. App. 568, 39 N.E.2d 785. The standard of review therefore is whether the acts of the governmental body were arbitrary or capricious, and that standard must be used as a gauge to test the decision of the council in allocating funds to Brune.

In light of the appropriate standard of review, the judgment by the trial court must clearly indicate that the actions of the council were arbitrary, capricious or an abuse of discretion. The budgetary allocation to the prosecutor's accounts were not declared arbitrary or an abuse of discretion by the trial court's judgment. Instead that judgment held that the requests of Brune were reasonable. When reviewing a decision by a governmental body the reviewing court must find that the agency abused its discretion, not that the objecting party made a reasonable request. It is self-evident that two very different sums could be arrived at as the necessary salaries for a prosecutor's staff. While these figures may be varied they may both be reasonable and thus not an abuse of discretion by the county council.

As was aptly stated in the case of *State ex rel.* v. *Wayne County Council* (1901), 157 Ind. 356, 61 N.E. 715:

"Where the amount of the claim is not fixed by law, or is not ascertained by judgment, the county council may, in its discretion, refuse to make an appropriation for its payment, and the exercise of such discretion cannot be controlled by the courts by their writ of mandamus."

The application of an improper standard for reviewing a delegated discretionary function necessitates a reversal of the judgment of the trial court as to Issue I.

## II.

Because of the manner in which we resolved the first issue we do not consider it necessary to address Issue II.

## III.

We are next faced with the allegation that mandate is not availdable to command the performance of a discretionary act.

This argument is predicated on the theory, with which we agree, that the allocation of funds for prosecutorial staffs has been delegated by the Indiana Legislature to the county councils of the various counties. This delegation requires the council to exercise its discretion in determining what is "necessary" for the performance of the duties imposed by law upon the prosecutor.

It has long been the established rule in Indiana that mandate, or the threat of mandate may not be used when no clear legal duty or right is involved. Judge Robertson, writing for this court, stated the correct rule thusly:

"As a general rule, mandate will not lie against a public body to enforce a claim unless it is based upon a clear legal right or duty involving no discretion. *Knutson* v. *State* (1959), 239 Ind. 656, 157 N.E.2d 469; *State ex rel. Fry* v. *Board of Commissioners of Martin County* (1890), 125 Ind. 247, 25 N.E. 286; *State ex rel. Reynolds* v. *Board of Commissioners of Tippecanoe County* (1874), 45 Ind. 501; * * *" *County Dept. of Pub. Welf.* v. *City-County Council* (1975), 167 Ind. App. 334, 338 N.E.2d 656.

In the case at bar Brune had a clear legal right to some allocation for staff and office operations. The county council was granted the discretion by the Indiana Legislature to determine what was "necessary" for Brune to perform his legally imposed duties as prosecutor. A court may not mandate a ruling where discretion of the council is properly exercised. The legislative intent appears to command the council to make some allocation, and therefore mandate would be appropriate if the the council refused to allocate any funds. However, the necessity of the funds and the amount of allocation is within the discretion of council and mandate will only lie for a clear abuse of the discretion. *County Dept. of Pub. Welf., supra.*

In light of the above discussion, we hold that the trial court committed reversible error by mandating the county council to perform a discretionary act.

## IV.

The council next alleges that Brune had no duty to establish and maintain a "Deferred Alcohol Prosecution Program" and thus had no right to funds to support such a program. Absent a clear legal right or duty mandate is not available

This court held in *Brune* v. *Marshall* (1976), 169 Ind. App. 637, 350 N.E.2d 661 (transfer den. November 3, 1976), that the program was beyond the discretion of the prosecutor. In light of that holding, and the requirement of a clear legal right for mandate, any sum mandated for the program must be reversed.

Due to our resolution of this case, we deem it unnecessary to discuss the council's final allegation of error.

The order of the trial court is hereby reversed and the writ of mandate dissolved.

Reversed.

Robertson, C.J., and Lowdermilk, J., concur.

NOTE.—Reported at 359 N.E.2d 608.

## ON PETITION FOR REHEARING

LYBROOK, J.—The appellee-prosecutor submits for our consideration, upon his petition for rehearing, the newly decided case of *State ex rel. Lake County Council* v. *Lake County Court* (1977), 266 Ind. 25, 359 N.E.2d 918. That case is an interpretation of the recently promulgated Ind. Rules of Procedure, Trial Rule 60.5.

We feel that the case at bar is distinguishable from the *Lake County* case. In *Lake County,* the controversy centered around the judge mandating funds for the operation of his court. In

the case at bar, it was the prosecutor who requested and received the order of mandate directing payment of funds. That difference alone distinguishes the two opinions.

Secondly, we feel that the Supreme Court in *Lake County* was interpreting, and supplying standards of application for TR. 60.5. The specific standard to which we are referring is expressed as:

> "In order to facilitate and expedite the hearing before the special judge, we deem it appropriate to provide some guidance for the conduct of the hearing. The issues at the hearing are whether the items mandated are reasonably necessary for the operation of the court, and if so, whether any specific fiscal or other governmental interests are adversely affected by the mandate orders to such a degree as to require that such orders be set aside or modified." *Lake County, supra.*

While it appears that the standard is expressed as one of reasonableness of the mandate order, and not reasonableness of the county council's appropriations, we interpret the language to be limited to the application in TR. 60.5 hearings reviewing orders of mandate by a judge for funds to support his court.

That is not the situation in the case at bar, and we hold that the proper standard of review remains, as was expressed in our previous opinion: namely, when performing a discretionary act a governmental body must be arbitrary and capricious for a reversal of that action to be justified.

We therefore hold the *Lake County* case is distinguishable and our former opinion stands.

Rehearing denied.

Robertson, C.J., and Lowdermilk, J., concur.

NOTE.—Reported at 361 N.E.2d 1220.