STATE of Indiana ex rel. John P. SCHUERMAN, Prosecuting Attorney for the 80th Judicial Circuit of Indiana, Appellant-Relator,

v.

The RIPLEY COUNTY COUNCIL, Robert Behlmer, President, Paul Voss, Ralph Dunbar, Joe Becker, Herbert Aufderheide, Charles Baylor, George Ammerman, Members, and Gerald Asche, Auditor of Ripley County, Appellees-Respondents.

No. 1–179A24.

Court of Appeals of Indiana, First District.

Oct. 29, 1979.

John P. Schuerman, Versailles, for appellant-relator.

John D. Gay, Gay & Gay, Versailles, for appellees-respondents.

ROBERTSON, Judge.

This appeal arises out of the trial court's judgment refusing to mandate the Ripley County Council (Council) and Auditor to appropriate funds to compensate the Ripley County prosecuting attorney's investigator for the last nine months of 1978. We reverse and remand.

The facts, briefly stated, are that the Ripley County prosecutor requested funds for a prosecutor's investigator position in his 1978 budget. The investigator had been employed in this capacity since 1973. The Council refused to appropriate the funds and the investigator terminated his employment on March 31, 1978. The prosecutor commenced this mandate action to compel the Council to fund the position. The trial court denied the request and the prosecutor brings this appeal.

As shown by a memorandum filed with the judgment, the trial court concluded that under *Brown v. State ex rel. Brune*, (1977) Ind.App., 359 N.E.2d 608, the County Council had discretion to determine whether the investigator's position was necessary, and therefore, the court was limited in reviewing the Council's action. Although *Ind. Code* 33–14–6–1 provides that the Council can not unilaterally reduce the number of investigators or their compensation without the prosecuting attorney's permission once an investigator is approved and hired, the trial court also concluded that the request for funds was, in effect, a first request which would require the Council's approval under IC 33–14–6–1. The trial court made this first request determination, in spite of the fact that the investigator had been continuously employed since 1973, because the County for the first time had to fund the position entirely itself instead of using primarily federal funds.

We first set out the relevant statutes.

IC 33–14–7–2 provides in pertinent part:

There shall also be appropriated annually by the various county councils . . for investigators . . ., an amount as may be necessary for the proper discharge of the duties imposed by law upon

the office of the prosecuting attorney of each judicial district.

IC 33–14–6–1 provides:

> The prosecuting attorney of any judicial circuit of this state is hereby authorized to appoint one or more investigators with the approval of the county council or councils, who work under the direction of the prosecuting attorney and whose duties shall be to conduct such investigations and assist in the collecting and assembling of such evidence as, in the judgment of the prosecuting attorney, may be necessary for the successful prosecution of any of the criminal offenders of the judicial circuit; any such investigator so appointed shall give bond in the sum of five thousand dollars [$5,000] and shall have and possess the same police powers within the county authorized by law to all police officers. In each judicial circuit the salary or other compensation to be paid each such investigator shall be set by the county council or councils. *In no event shall a county council or councils reduce the number of investigators or compensation of any investigator as heretofore established by law without approval of the prosecuting attorney.* [Emphasis added]

In *Brown*, we held that IC 33–14–7–2 gives the County Council discretion in appropriating funds for the prosecutor's office. The statute delegates the determination of what is "necessary" to the County Council. Thus, the power to mandate and the standard of review is limited because of the discretionary nature of the Council's action. We reaffirm this holding.

*Brown* did not consider, however, the effect of IC 33–14–6–1. This statute provides for authorization of the office of investigator by both the prosecutor and the County Council, but additionally provides that the office, once created, can not be reduced in number of investigators or in compensation by the Council "without approval of the prosecuting attorney."

It is a basic rule of statutory construction that statutes relating to the same general subject matter are in *pari materia* and should be construed together so as to produce a harmonious system. *Economy Oil Corp. v. Indiana Department of State Revenue,* (1974) 162 Ind.App. 658, 664, 321 N.E.2d 215, 218. It is also elementary that where one statute deals with a subject in general terms and another statute deals with a part of the same subject in a more detailed or specific manner, the two should be harmonized, if possible. However, if they are in irreconcilable conflict then the more detailed will prevail as to the subject it covers. *Economy Oil, supra.* See also *State ex rel. Eastern Pulaski Community School Corp. et al v. Pulaski Circuit Court et al,* (1975) 264 Ind. 37, 338 N.E.2d 634. Under these guidelines, it is clear that the specific prohibition against terminating the investigator position or reducing the compensation of the position by the Council alone must take precedence over the general discretion accorded the Council in IC 33–14–7–2. Thus, if the position had been previously approved by the Council in this case, the Council did not have the discretion to terminate the position or reduce the compensation of the office unilaterally. We turn then to the question of whether the investigator position had been previously approved by the Council.

It is implicit in the trial court's memorandum, and we agree after examining the record, that the Council had previously approved the position, albeit it was largely funded with federal monies. The Council members were not entirely candid on this point, but we find it incredulous that they were not aware and had not approved of the position prior to 1978. For example, the same investigator had held the job since 1973 when under the previous prosecutor. The assistant auditor testified that the investigator was listed on the county payroll for at least two years before the dispute arose. Also, one of the Council members testified that he knew that federal funds for jobs such as the investigator would end eventually and it was Council policy not to pick up the funding. Implicit in this statement is the fact that he knew the investigator position existed. Thus, there is no ques-

tion in our minds that the Council had, prior to 1978, approved the position, although it was largely subsidized by federal funds.

The trial court determined, however, that even though the investigator position had been previously approved by the Council, the 1978 request was, in effect, an original one. The trial court made this determination because the County for the first time was asked to assume the entire burden for the salary, instead of primarily relying on federal funds.

We find nothing in the statutes which lends support to this position. The statutes do not speak to the *source* of the salary and it would be a legislative act to insert such a provision into the statute. In construing a statute, it is just as important to recognize what a statute does not say as it is to recognize what it does. *City of Muncie et al v. Campbell*, (1973) 156 Ind. App. 59, 295 N.E.2d 379. We reject, therefore, the trial court's reasoning on this point.

Since the County Council had no discretion and a clear legal duty to continue the investigator's office and its level of compensation, regardless of the source, mandate will lie. *Brown, supra* at 610–611; *County Department of Public Welfare of Marion County, et al v. City-County Council of Marion County, et al*, (1975) Ind.App., 338 N.E.2d 656.

Reversed and remanded for further proceedings not inconsistent with this opinion.

LOWDERMILK, P. J., and NEAL, J., concur.