COUNTY COUNCIL OF BARTHOLO-MEW COUNTY, Indiana, Appellant (Defendant Below),

v.

DEPARTMENT OF PUBLIC WELFARE OF BARTHOLOMEW COUNTY, Indiana, Appellee (Plaintiff Below).

No. 1–678A166.

Court of Appeals of Indiana, First District.

March 4, 1980.

Maurice A. David, Sharpnack, Bigley, David & Rumple, Columbus, for appellant.

G. Terrence Coriden, Lawson, Pushor, Mote & Coriden, Columbus, for appellee.

ROBERTSON, Presiding Judge.

This appeal arises out of the granting of summary judgment for the Department of Public Welfare of Bartholomew County (Department) in its action of mandamus to

compel the Bartholomew County Council (Council) to modify its salary ordinances for the employees of the Department. The Council appeals on two grounds: (1) there is no subject-matter jurisdiction of the trial court, and (2) the order of mandate given by the trial court is contrary to law in that it commands the Council to perform a discretionary act.

We affirm.

The facts and statutory procedure of this case can be summarized as follows: On June 24, 1977 the Department submitted a proposed salary ordinance and budget to the Council. The relevant part of the proposed ordinance and budget provided compensation for 51 people at a total sum of $521,480. Under Ind. Code 12–1–11–1, this proposal, as approved by the County Director and Board of the Department, was submitted to the State Board of Public Welfare for approval before it was sent to the Council. The statute which empowers the Director of the Department with approval of the Board to set the number and salaries of the staff reads in pertinent part as follows:

> The county director, with the approval of the county board, shall appoint from eligible lists established by the Indiana personnel board such number of assistants as he and the county board may determine to be necessary to administer the welfare activities within the county and to perform all other duties required of the department, and shall fix the compensation of such assistants within the salary ranges of the pay plan adopted by the Indiana personnel board and approved by the state budget committee and *within the lawfully established appropriations.* [Emphasis added].

IC 12–1–3–7.[1]

On September 7, 1977 the Council, under authority of IC 12–1–11–3 and IC 17–1–24–18.1, adopted a salary ordinance which

staffed 43 persons at a total of $398,078 and also adopted an appropriation ordinance of $481,632 for welfare salaries. IC 12–1–11–3 provides in relevant part:

> the county council shall make such appropriations out of the county welfare fund, based on the budget as submitted, as may be necessary to maintain the welfare services of the county and to defray the costs of the administration of such services, as hereinbefore provided, for the ensuing fiscal year, and shall, at the same time, levy a tax in an amount necessary to produce the funds so appropriated.

IC 17–1–24–18.1 provides in relevant part:

> The authority to fix salaries of officers, deputies, assistants and employees whose salaries are payable from any county fund, except as hereinafter provided, and subject to the provisions of this chapter is hereby vested in the county council. Also, except as hereinafter provided, the authority to fix the number of deputies, assistants and other employees whose salaries are payable from any county fund, is hereby vested in the county council.
>
> .  .  .  the term "county fund" shall mean  .  .  .  county welfare fund .  .  .  .
>
> The county council shall establish the compensation of the director of county welfare and other officers and employees of the county department of public welfare within the salary ranges of the pay plan adopted by the Indiana personnel board and approved by the state budget committee pursuant to IC 1971, 12–1–3 and IC 4–15–2.[2]

On September 23, 1977, the Department, pursuant to IC 12–1–11–4, appealed the Council budget specifically including the loss of 8 positions to the State Board of Tax Commissioners. IC 12–1–11–4 provides in relevant part:

---

1. This statute was enacted in 1936. The emphasized section was added in 1947 replacing the language, "with the approval of the county council." Acts 1947, ch. 200, § 4, p. 642.

2. IC 17–1–24–18.3 provides for the implementation of this power by the Council's setting the salaries and number of employees through a separate salary ordinance. This ordinance is separate from the appropriation ordinance and tax rate ordinance. *See* 17–1–24–19.

If Part 1 of Part 2 of the budget, or any item or items thereof as submitted by the county board of public welfare, or the tax levy as recommended by the county board of public welfare, and as certified by the state department to the county department, as provided in section ninety-nine [12–1–11–2] of this act, be reduced by the county council or the county board of tax adjustment in an amount which, in the judgment of the county board of public welfare or the state board of public welfare, will not afford sufficient funds to maintain the county welfare services adequately, the county board of public welfare, on its own initiative, may, and, on request in writing from the state board of public welfare, shall appeal therefrom to the state board of tax commissioners. . . . Upon the conclusion of such hearing, the state board of tax commissioners may increase or decrease the amount of the levy or the budget, or any item or items thereof, or it may affirm the levy and budget . . . The order of the state board of tax commissioners shall be final and the levy as fixed by the state board of tax commissioners shall be the only levy or rate upon which such taxes shall be collected.

On December 12, 1977, the Council amended the salary ordinance to 43 people at a total of $412,056 in order to comply with the salary levels set by the state personnel board. On December 15, 1977 this suit was commenced praying for mandamus to increase the number of personnel to 51 individuals and increase the salary budget. On January 19, 1978 the State Board of Tax Commissioners ordered that the appropriation be fixed for personnel services at $481,632. No mention was made in the order concerning the number of employees or how the $481,632 was to be spent.

On March 20, 1978, summary judgment was entered for the Department compelling the Council to enact a salary ordinance consistent with the appropriations approved by the State Board of Tax Commissioners ($481,632) with a total of 51 employees.

This appeal resulted.

Our methodology in the resolution of this appeal is statutory construction. We have the advantage of a set of well-settled principles in construing statutes, albeit there is not total consistency in these rules. Basic to these rules is that in construing a statute we must give effect to the intention of the legislature which enacted the law. *Gonser v. Board of Commissioners for Owen County*, (1978) Ind.App., 378 N.E.2d 425. It is also a familiar rule of statutory construction that two statutes dealing with a common subject matter will be read in *pari materia* and so as to harmonize and give effect to each. *Schrenker v. Clifford*, (1979) Ind., 387 N.E.2d 59; *State ex rel. Eastern Pulaski Community School Corp. v. Pulaski Circuit Court*, (1975) 264 Ind. 37, 338 N.E.2d 634; 2 Sutherland Statutory Construction, § 5201 (3d ed. 1943).

There is also a presumption that the legislature in enacting a particular piece of legislation has in mind existing statutes on the same subject. *Schrenker, supra* at 60; *Economy Oil Corp. v. Indiana Department of State Revenue*, (1974) 162 Ind.App. 658, 321 N.E.2d 215. Where the statutes cannot be harmonized or reconciled, some cases emphasize that the more specific or detailed statute should prevail over the more general statute; others emphasize that the most recent expression of the legislature shall prevail over older ones. *See State ex rel. Eastern Pulaski Community School Corp., supra; State ex rel. State Board of Tax Commissioners v. Daviess Circuit Court*, (1967) 249 Ind. 580, 230 N.E.2d 761; *Gonser, supra; Economy Oil, supra.* It is also recognized that general statutes or rules do not overrule or supersede specific provisions in statutes or rules unless it is clear there was an intent to do so. *State ex rel. Dedelow v. Lake County Court*, (1978) Ind., 383 N.E.2d 284. Also, the repeal of statutes by implication is not a favored result in this State and such a repeal will occur only if it is clear that the statutes are so inconsistent that it must be assumed the legislature did not intend that both remain in force. *Schrenker, supra* at 60, 61.

■ With these principles to guide us, we turn to the relevant statutes. IC 17–1–24–18.1, enacted in 1971, is a general statute giving blanket power to a county council to fix both the number of county employees and their compensation. This blanket power is limited as to employees of the Department of Public Welfare in that the council must establish the compensation of these employees within the salary range set by the Indiana personnel board "pursuant to IC 12–1–3". Fairly read, this proviso is a limitation only as to the compensation of Department employees, although IC 12–1–3–7 does give discretion to the Department Director to fix the number of employees.

Were the above the only statute the case would be simple; however, there is also a series of statutes, part of the Welfare Act of 1936, which *specifically* deal with the budget process between the Department and the Council. As exemplified by the factual situation of this case, the Department, after review by the State Department of Public Welfare, submits a budget to the Council. The Council, under IC 12–1–11–3, can revise or change this budget item by item. *See Board of Commissioners v. Sweeney,* (1962) 134 Ind.App. 33, 181 N.E.2d 241. An appeal process to the State Board of Tax Commissioners is provided where the two entities cannot resolve their differences.

■ We are of the opinion that IC 17–1–24–18.1, a general provision, was not intended to supersede the more detailed and specific provisions found in the Welfare Act.[3] Having so held, we do not think that the Council can circumvent, by its power to control salaries through the salary ordinance, the order of the State Board of Tax Commissioners which set an appropriation figure. *See* IC 17–1–24–18.3.

■ Under this logic, it is clear that the Department could being an action of mandamus to compel the Council to set a salary ordinance to spend the appropriation set by the State Board of Tax Commissioners order. This is not a case of a court ordering the Council to perform a discretionary act. *See Brown v. State ex rel. Brune,* (1977) Ind.App., 359 N.E.2d 608. Even though the county council has the general authority to appropriate its funds, mandamus will lie where, for example, a county job or salary is set by the legislature, and the County Council does not abide. *See State v. Meeker,* (1914) 182 Ind. 240, 105 N.E. 906; *State v. Steinwedel,* (1932) 203 Ind. 457, 180 N.E. 865; *see also Blue v. State,* (1936) 210 Ind. 486, 1 N.E.2d 122. *See also* (cases involving personnel act) *Ind. Personnel Board v. Galloway,* (1976) Ind.App., 342 N.E.2d 903; *County Dept. of Public Welfare of Marion County v. City-County Council of Marion County,* (1975) Ind.App., 338 N.E.2d 656. We further think, under our holding that the court had jurisdiction to compel the Council to perform its duty to increase the salary ordinance to the appropriation level set by the County Council, or on appeal, set by the State Board of Tax Commissioners. *See* IC 12–1–12–3.

■ We are left with one crucial question: once a salary appropriation is set by the County Council or, on appeal, by the State Board of Tax Commissioners, what entity determines the *number* of employees. In examining the intent of the legislature that can be gleaned from the Welfare Act and the nature and expertise of these bodies, we are of the opinion that the County Department of Public Welfare is best suited to determine the number of employees. We note, the statute provides that the proposed budget drawn up by the County Department must be examined by the State Department of Public Welfare to determine if the budget "will be adequate to defray the expenses and obligations" of the County Department. IC 12–1–11–2. Also, the

---

**3.** The trial court relied on IC 12–1–12–7 which stated that the Welfare Act shall "supersede all conflicting provisions in . . . [any provision in any statute] and in all such cases of conflict, the provisions of this act shall gov-ern." We do not rely too heavily on this statute as it can be interpreted to apply to all conflicting statutes in existence at the time IC 12–1–12–7 was passed (1936).

State Personnel Board regulates salary ranges. With these checks, and also the "purse-string" checks of the County Council and State Board of Tax Commissioners, we think the legislature intended to give the County Department of Public Welfare flexibility within budgetary constraints "to appoint such assistants as the director and county department board may determine to administer the welfare activities" of the county. IC 12–1–3–7.

Judgment affirmed.

NEAL and RATLIFF, JJ., concur.