Julia McDONNELL, Administratrix of the Estate of Patrick J. McDonnell and Julia McDonnell in her own right, Plaintiff-Appellant,

v.

James FLAHARTY and Patricia Flaharty, Defendants-Appellees.

No. 80–1026.

United States Court of Appeals, Seventh Circuit.

Heard Nov. 4, 1980.

Decided Dec. 29, 1980.

John W. Peck, II, Arnold, Pa., for plaintiff-appellant.

James P. Fenton, Fort Wayne, Ind., for defendants-appellees.

Before FAIRCHILD, Chief Judge, WISDOM, Senior Circuit Judge,* and CUMMINGS, Circuit Judge.

PER CURIAM.

In this diversity case, plaintiff Julia McDonnell appeals from an order of the district court granting defendant James Flaharty's motion for summary judgment in his favor on plaintiff's wrongful death claim. We affirm.

---

* The Honorable John Minor WISDOM, Senior Judge of the United States Court of Appeals for the Fifth Circuit, is sitting by designation.

I

On September 10, 1976, plaintiff's husband, Patrick McDonnell, a resident of Pennsylvania, traveled with several other men to Indiana to attend a Notre Dame football game. That evening, while a social guest at defendants' lakeside cottage, McDonnell went for a pleasure cruise along with several other guests on a pontoon boat belonging to defendant James Flaharty. During the cruise, the boat capsized when most of the passengers moved to one side of the boat. All the passengers were thrown into the water. McDonnell, who had been operating the boat at the time of the incident, became trapped under the boat and drowned.

On December 8, 1977, plaintiff brought this action against James Flaharty and his wife Patricia, alleging that defendants had acted "negligently, carelessly, recklessly, wantonly and illegally" regarding the use and operation of the boat, thereby causing McDonnell's death. The complaint contained two counts, one a wrongful death claim and the other a "survival action."

On October 23, 1979, defendants moved for summary judgment in their favor on both counts. The record contains a certificate by defendants' counsel showing service on plaintiff by mail on the same date. Plaintiff failed to file a response to defendants' motion within the time prescribed by local court rule, and on November 15 District Judge Eschbach entered an order granting the motion.

Judgment was entered on the "survival action" in favor of both defendants on the ground that Indiana law does not recognize such an action. Judgment was entered on the wrongful death claim in favor of defendant Patricia Flaharty on the ground that uncontroverted evidence showed her to have been neither present at the time of the accident nor an owner of the boat in question. Judgment was entered on the wrongful death claim in favor of defendant James

Flaharty on the grounds that Indiana law required him only to refrain from willfully, wantonly or intentionally injuring social guest passengers on his boat and that plaintiff had failed to present any evidence to controvert James Flaharty's sworn statement that he had not acted willfully or intentionally to injure decedent.

On November 15, the same date that judgment had already been entered in favor of defendants, plaintiff filed an answer to defendants' October 23 motion for summary judgment in which she argued that summary judgment was inappropriate because there existed disputed issues of fact as to whether Patrick McDonnell's death was caused by James Flaharty's "negligent, reckless, careless, wanton and unlawful conduct" (App. 9). As the district judge later explained, her supporting affidavit was not based on any personal knowledge as required by Rule 56(e) of the Federal Rules of Civil Procedure and in any event did not show any willful, wanton or intentional act by James Flaharty (App. 39). In the supporting memorandum she acknowledged that the proper standard of care was the same as owed an Indiana guest automobile passenger, *viz.* no wanton conduct by defendant (App. 9).

On November 26, plaintiff filed a Request for Reconsideration of defendants' summary judgment motion, claiming that her November 15 response was timely in that defendants had failed to serve her with a copy of their October 23 motion until November 5. Plaintiff also filed at that time a Supplemental Answer supported by a memorandum in which she reversed herself as to the applicability of the Indiana guest statute to this case (App. 25, 38). Then she argued that if willful or wanton misconduct was required, a disputed issue of fact existed as to whether James Flaharty had so acted with respect to the events leading to Patrick McDonnell's death. In supporting affidavits, three men who had also been passengers on the boat at the time of the incident stated that defendant James Flaharty did not instruct the passengers concerning any defects of the boat or its operation, did not advise them regarding life-saving equipment, and did not warn them where to stand, what to do in an emergency, or what would be unsafe movements around the boat (App. at 29–32). However, the affidavits did not show that he injured decedent willfully, wantonly or intentionally.

Finding that plaintiff's November 15 and November 26 responses, even if timely, did not establish the existence of a disputed issue of material fact, Judge Eschbach on November 30 denied the request for reconsideration. On appeal, plaintiff argues only that the district court erred in granting summary judgment against her in favor of defendant James Flaharty on the wrongful death claim. The judgments against her in favor of both defendants on the "survival action" and in favor of defendant Patricia Flaharty on the wrongful death claim are therefore not in issue here, and any objection thereto has been waived.

## II

■ Plaintiff's first contention is that the district court erred in holding that under Indiana law a boat owner is liable with respect to his social guest passengers only for injuries caused by his willful, wanton or intentional misconduct. We disagree.

The Indiana courts have apparently never squarely addressed the precise issue presented here. But it has long been the rule in Indiana that the duty of care owed by a real-property owner to his social guests requires only that the host refrain from willfully, wantonly or intentionally injuring his social guests. *Swanson v. Shroat*, 169 Ind.App. 80, 345 N.E.2d 872 (1976); *Pierce v. Walters*, 152 Ind.App. 321, 283 N.E.2d 560 (1972); *Fort Wayne National Bank v. Doctor*, 149 Ind.App. 365, 272 N.E.2d 876 (1971).

Although the Indiana appellate court in *Munson v. Rupker*, 96 Ind.App. 15, 148 N.E. 169 (1925), declined to extend this rule to owners of automobiles, the Indiana legislature effectively overruled *Munson* by passing the Indiana guest statute (Ind.Code § 9–3–3–1). Since then a similar statute has been enacted with respect to aircraft (Ind.Code § 8–21–5–7).

These rules reflect Indiana's policy of fostering hospitality by insulating hosts from suits by their guests. *Sidle v. Majors,* 264 Ind. 206, 341 N.E.2d 763 (1976); *Holbrook v. Ramsey,* 254 F.Supp. 94 (N.D.Ind.1966). We see no basis for concluding that Indiana courts would except pleasure boat owners from the general policy of promoting hospitality, a policy reaffirmed by codification with respect to motor vehicles and aircraft,[1] or from the established duty of care owed by property owners to their social guests. Accordingly, we hold that the district court applied the correct standard of liability to this suit.

### III

Plaintiff's principal argument is that even if the district court properly interpreted Indiana law on the standard of care issue, summary judgment was inappropriate because there existed a dispute as to whether James Flaharty acted willfully, wantonly or intentionally. Again we disagree.

█ The allegations of the complaint plainly make out a case of negligence against James Flaharty. Indeed he concedes that if the applicable standard of care were a negligence standard, summary judgment would have been improper (Br. at 5). But to impose liability under the willful or wanton misconduct standard, plaintiff had to establish that Flaharty's misconduct was conscious and intentional and of such a nature that under known existing conditions injury would probably result. There must be a perverse motive on defendant's part, *i. e.,* his mental attitude must be adverse to the welfare of his guests. *See, e. g., Tuttle v. Reid,* 247 Ind. 375, 216 N.E.2d 34 (1966); *Sausaman v. Leininger,* 237 Ind. 508, 146 N.E.2d 414 (1957); *Brueckner v. Jones,* 146 Ind.App. 314, 255 N.E.2d 535 (1970).

█ It is true that the complaint alleges that defendants acted, *inter alia,* "wantonly." Defendants' motion for summary judgment was supported, however, by the sworn statement of James Flaharty that he did not act willfully or intentionally to injure decedent, that the accident was caused by the conduct of the other passengers over whom he had no control, and that the condition of the boat and circumstances surrounding the accident were as open and obvious to the decedent as to Flaharty. Plaintiff was at this point no longer free to rest on the bare allegations of her complaint, but was required to set forth specific facts showing the existence of a genuine issue of material fact for trial. Rule 56(e), Federal Rules of Civil Procedure. She did not do so.

Even taking into account her subsequent pleadings of November 15 and November 26 on the assumption that they were timely, plaintiff never offered evidence that controverted Flaharty's affidavit,[2] but established by affidavits only that a genuine issue of fact existed as to whether Flaharty had acted negligently. This was insufficient as a matter of law to carry the case to trial. Summary judgment for defendants was therefore appropriate, so that their motion for us to certify this case to the Indiana Supreme Court should be and hereby is denied.

Order of November 30 affirmed.

---

1. Judge Eschbach did not, as plaintiff suggest, extend application of the motor vehicle guest statute by analogy to the case here. Rather, he relied on that statute, as we do, as a manifestation of Indiana's consistent policy of promoting hospitality by subjecting hosts to a low duty of care with respect to their guests.

2. As noted *supra,* James Flaharty's affidavit negated willfulness or intentional injury of decedent by showing the boat was being operated by decedent, had never before capsized, that the accident occurred by the unforeseen movement of most of the passengers to one side of the boat, and that therefore Flaharty neither willfully nor intentionally injured the decedent (App. 5).