**SOUTHWEST FOREST INDUSTRIES, DUNLAP DIVISION, a corporation, Appellant (Plaintiff Below),**

v.

**Donald Robert FIRTH and Linda Sue Firth, husband and wife, and Madison First Federal Savings and Loan Association, Appellees (Defendants Below).**

No. 1–1081A301.

Court of Appeals of Indiana, First District.

May 25, 1982.

Harold E. Ford, Madison, for appellant.

Joe E. Cox, Robert L. Barlow, II, Cooper, Cox, Jacobs & Reed, Madison, for appellees.

ROBERTSON, Judge.

The plaintiff-appellant, Dunlap, appeals from a judgment awarding $7670 to the

defendant-appellees, Mr. & Mrs. Firth, on their counterclaim. We affirm.

Facts favorable to the judgment show that on March 7, 1977, Dunlap filed suit against Firths to foreclose on a mechanic's lien.[1] The Firths contacted Dunlap and made arrangements to pay off the lien and did so on March 23, 1977. At that time Mr. Firth inquired of Mr. Vogel, Dunlap's representative, if the court house would be notified of the settlement. Mr. Vogel replied that everything would be taken care of. In late March or early April, 1979, Firths were denied credit because the lien, which had been duly recorded, had never been released by Dunlap. Firths contacted Dunlap, who in turn, released the lien on May 15, 1979. Firth then filed a counterclaim in the mechanic's lien cause of action and, after a bench trial, received the $7670 judgment. The judgment was computed according to the formula contained in Ind.Code 32–8–6–1, which allows liquidated damages at $10.00 per day, less a 15 day grace period, from the payment of the lien until its release.

On appeal, Dunlap asserts that the decision of the trial court is contrary to law as not being supported by the evidence in four particulars:

(a) The statute creating the cause of action alleged in the counterclaim requires a demand from the claimant to the lienholder, and there is no evidence that such demand was ever made.

(b) The statute creating the cause of action alleged in the counterclaim requires service of a written demand by the claimant to the lienholder, and there is no evidence that such written demand or service was ever made.

(c) There is no evidence to support an award of damages.

(d) The award of damages under the evidence is excessive.

In deciding the appeal initial consideration must be given to which of two statutes govern the cause of action. Firths contend

that IC 32–8–6–1 controls. That statute reads in applicable part:

32–8–6–1 Penalty for failure to release lien—Release of mechanics' lien on real estate—Affidavit—Time for filing—Content—If, after the amount of his lien has been satisfied or paid, the lienholder fails within fifteen [15] days after demand therefor to cause the lien to be released, the lienholder shall be liable to the person who is the owner or mortgagee of the real estate to which the mechanics' lien has been attached for any actual damages or for liquidated damages in the aggregate sum of ten dollars [$10] per day from the fifteenth day until the release or expiration of said lien, whichever is greater.

Dunlap, on the other hand, argues that the foregoing statute should be read in conjunction with IC 32–8–1–2 which states:

32–8–1–2 Mortgages and Liens—Forfeiture for failure to release—Any such owner, holder, or custodian, who is a resident of the state of Indiana, and who shall fail, neglect, or refuse, to release, discharge and satisfy or record any such mortgage, mechanic's lien, judgment, or other lien when the debt or obligation thereby secured, together with the interest thereon, shall have been fully paid, and after fifteen [15] days' written demand by registered or certified mail with return receipt requested has been made to do so, shall forfeit and pay to the mortgagor, or other person, having the right to demand the release of such mortgage, or lien, a sum not to exceed five hundred dollars [$500] for such failure, neglect or refusal which sum may be recovered by suit in any court of competent jurisdiction together with the costs and reasonable attorney's fees, if an attorney has been employed, incurred in the enforcement of such release, discharge, or satisfaction, and such court trying the case, shall in its finding, if it be in favor of the plaintiff, grant a reasonable attor-

---

1. The defendant Madison First Federal Saving and Loan Association was made a party because they held a mortgage on the Firth proper-

ty. The other parties concede the existence and priority of the mortgage and, as a result, the institution did not participate in this appeal.

ney fee and the costs of such action as a part of the judgment. The court is hereby authorized and empowered to appoint a commissioner, and to authorize and direct such commissioner to release and satisfy such mortgage, mechanic's lien, judgment, or other lien, and the costs incurred in connection therewith shall be taxed as a part of the costs of such action.

A comparative reading of the two statutes divulges discrepancies, the most patent being who may be liable, the type of demand, and, the amount of recoverable damages.

■ When two statutes on the same subject must be construed together, the court should attempt to give effect to both, however, where the two are repugnant in any of their provisions, then the later statute will control and operate to repeal the earlier to the extent of the repugnancy. *Economy Oil Corp. v. Indiana Dept. of State Revenue*, (1974) 162 Ind.App. 658, 321 N.E.2d 215. Also, where statutes cannot be harmonized or reconciled, some cases emphasize that the more specific or detailed statute should prevail over the more general statute, while other cases emphasize that the most recent expression of the legislature should prevail over the older expression. *County Council of Bartholomew County v. Department of Public Welfare of Bartholomew County*, (1980) Ind.App., 400 N.E.2d 1187. The two foregoing rules of statutory construction are significant to this appeal because, in our opinion, the two statutes involved herein are repugnant to each other. In particular, and as applied to the facts of this case, the provisions pertaining to notice and damages are irreconcilable.

■ In the application of the previously stated rules of statutory construction, we are of the opinion that the trial court correctly decided that IC 32–8–6–1 controls, if for no other reasons than that statute is more specific in that it is concerned solely with mechanic's liens and it is the later expression of the legislature.

■ Having determined that IC 32–8–6–1 controls, the next issue presented by Dunlap is whether Firths made a demand on May 29, 1977, which fulfills the statutory requirement. The record reveals the following testimony relating to Firth's demand:

Q. So what did you ask Mr. Vogel then?

A. I asked him if he would notify the court house that we had settled this thing and then before we ended the conversation, this being the first time I had ever been in a court proceeding, I had no idea if there was anything required of me at that time, so I said "is this all I have to do is get you the check?" and he said everything would be taken care of . . .

Q. Did you ask Mr. Vogel if there was anything else needed to clear your record?

A. I said, "Is this all I need to do is mail you the check, is there anything else I have to do?" because I didn't know whether there was or whether there wasn't. I felt like there wasn't, that he would let them know at the court house and that would be the end of it."

While the conversation does not represent a legal model of a demand, we are of the opinion that the evidence before the trial was within permissible limits in determining that a demand was made, especially when measured with the language of *Welborn v. Kimmerling*, (1909) 46 Ind.App. 98, 89 N.E. 517 at 519–20:

It is not necessary, however, that the word "demand" be used in making a demand before the bringing of a suit, but if any word or words are used and understood by both parties that a demand is being made, then that would be sufficient. A demand is a peremptory claim to a thing as a matter of right. It differs from a claim, in that it presupposes that there is no defense nor doubt about the question of right. Demand will not admit of delay, while on the other hand, claim implies that the right is or may be

doubtful, and that negotiations shall be had to determine it.

Dunlap's next two issues concern the amount of damages. In considering whether there was evidence to support the amount of damages awarded, we note that IC 32–8–6–1 allows the option of seeking the greater amount of either actual damages or the payment of liquidated damages in an aggregate amount of $10.00 a day (less a 15 day grace period) for each day the lien remains unreleased. It is obvious that the Firths opted for the latter. As a result, they were not required to introduce proof of actual damages. The proposition is similar, in our view, to contract law where it is generally held that an amount stipulated in a contract as liquidated damages may be recovered even though no actual damages are suffered. See: 22 Am.Jur.2d, Damages § 234.

Neither can we say the damages are excessive for the reason that they were calculated according to the appropriate statutory formula.

Judgment affirmed.

RATLIFF, P. J., and NEAL, J., concur.