Mary CLIPP, et al., Appellant-Plaintiff,

v.

Charles WEAVER, et al.,
Appellee-Defendant.

No. 4–1281A192.

Court of Appeals of Indiana,
Fourth District.

Sept. 22, 1982.
Rehearing Denied Oct. 22, 1982.

William Wagner, Wagner, Cunningham, Vaughan, McLaughlin, Tampa, Fla., William J. Cohen, Slabaugh, Cosentino, Walker & Shewmaker, Elkhart, for appellant-plaintiff.

James H. Pankow, South Bend, for appellee-defendant.

CONOVER, Judge.

Mary Clipp, individually, and Ruth Joanne Clipp, as Administratrix of the Estate of Gerald Clipp, deceased (Clipp) appeal the Kosciusko Circuit Court's entry of summary judgment in favor of Charles Weaver (Weaver).

We reverse.

ISSUES [1]

1. What standard of care does a boat operator owe to his guest?

2. Did Weaver waive the standard of care issue for failing to raise it in his answer or at the pre-trial hearing?

FACTS

On May 26, 1976, Weaver and Gerald Clipp were in Weaver's new motorboat on Lake Wawasee. Weaver was operating the boat and Mr. Clipp was his guest. Another boat, driven by Molly Dahm, also a defendant in this case, collided with Weaver's boat. Mr. Clipp died as a result of the collision. Clipp filed this cause of action against Weaver, alleging his negligence resulted in Mr. Clipp's death.

---

1. The issues have been consolidated and re-numbered for clarity.

2. Both parties agree no willful or wanton conduct can be shown here.

3. IC 9–1–1–2 provides in relevant part:

After filing an answer, participating in discovery, and a pre-trial conference, Weaver filed a motion for summary judgment. The motion was granted. Clipp appeals the judgment.

DISCUSSION AND DECISION

I. *Standard of Review*

When reviewing the trial court's entry of summary judgment, this court must determine whether there is any genuine issue of material fact and whether the law was applied correctly. *Zalewski v. Simpson*, (1982) Ind.App., 435 N.E.2d 74; *Carroll v. Lordy*, (1982) Ind.App., 431 N.E.2d 118. The burden is on the proponent to prove no genuine issue of material fact exists. *Podgorny v. Great Central Insurance Co.*, (1974) 160 Ind. App. 244, 311 N.E.2d 640. While summary judgment is a desirable tool to allow the trial court to dispose of cases where only legal issues exist, it may not be used as a substitute for trial in determining factual disputes. *Id.*

II. *Standard of Care*

Initially, Clipp argues the trial court erred in holding Ind.Code 9–3–3–1 (the motor vehicle guest statute) determined the standard of care owed by a boat operator to his guest. Weaver responds the trial court did not apply that statute here. The host-guest relationship under Indiana law imposes liability upon the host only for willful and wanton misconduct.[2] Clipp replies this is wrong; the proper standard is one of ordinary care. We agree with Clipp.

We first note IC 9–3–3–1 is commonly designated the motor vehicle guest statute. It provides the "owner, operator, or person responsible for the operation of a motor vehicle" will be liable for injuries to his passengers only if he acts willfully or wantonly. That statute applies only to motor vehicles operated on public highways, as defined by IC 9–1–1–2(a), (b) and (q).[3] IC

(a) Vehicle.—Every device in, upon, or by which any person or property is, or may be, transported or drawn upon a public highway, except devices moved by human power and shall not be construed to include such vehicles as run only on rails or tracks, vehicles

14–1–1–1 specifically defines boats[4] and that chapter deals with their operation.

A rule of statutory construction is: the more specific statute will govern if in apparent conflict with a more general statute.

> Where the statutes cannot be harmonized or reconciled, some cases emphasize that the more specific or detailed statute should prevail over the more general statute; others emphasize that the most recent expression of the legislature shall prevail over older ones. It is also recognized that general statutes or rules do not overrule or supercede specific provisions in statutes or rules unless it is clear there was an intent to do so.

*County Council v. Department of Public Welfare,* (1980) Ind.App., 400 N.E.2d 1187, 1190 (citations omitted). *See also Southwest Forest Industries, Dunlap Division v. Firth,* (1982) Ind.App., 435 N.E.2d 295; *Sharton v. Slack,* (1982) Ind.App., 433 N.E.2d 856. The definition of a boat is more specifically applicable here than is the definition of a motor vehicle since a boat cannot be operated upon a public highway under its own power.[5] Therefore we hold that Title 14's specificity controls over the generalities of the motor vehicle statutes,[6] and boats are not covered by Title 9's provisions, including IC 9–3–3–1.

Weaver claims the trial court did not apply the motor vehicle guest statute here but relied on it and other Indiana law to determine the standard of care owed. Weaver's argument is based largely on the holding of the United States Court of Appeals for the Seventh Circuit in *McDonnell v. Flaharty,* (1980) 636 F.2d 184. A federal court's decision, however, is not binding on a state court when deciding a matter under state law. It is merely persuasive authority. *Chaffin v. Nicosia,* (1974) 261 Ind. 698, 310 N.E.2d 867; *Ernst & Ernst v. Underwriters National Assurance Co.,* (1978) Ind. App., 381 N.E.2d 897.

In *McDonnell,* the court upheld the trial court's decision that an Indiana boat owner is only liable to his guests "for injuries

---

propelled by electric power obtained from overhead trolley wires, but not operated upon rails or tracks, fire trucks and apparatus owned by any person or municipal division of the state of Indiana and used for fire protection, municipally owned ambulances and police patrol wagons, vehicles not designed for, or employed in, general highway transportation of persons or property and occasionally operated or moved over the public highway, including, but not limited to, road construction or maintenance machinery, well-boring apparatus, ditch-digging apparatus, implements of husbandry and invalid chairs.

    (b) Motor Vehicle.—Every vehicle, as herein defined, which is self-propelled, except those vehicles which are included in the term "farm tractor," or "implement of husbandry" as herein defined.

   . . . .

    (q) Public Highway.—The entire width between boundary lines of every way in this state, public maintained, when any part thereof is open to the use of the public for purposes of vehicular travel, including the streets and alleys in cities and towns.

**4.** IC 14–1–1–1 provides in relevant part:

    (a) The term "watercraft" shall mean any and every instrumentality or device in or by means of which any person may be transported over and upon the public waters of this state, and it shall include any and every motorboat, sailboat, rowboat, skiff, dinghy or canoe, of whatever length or size and whether or not used to carry passengers for hire;

    (b) The term "boat" shall mean any watercraft as defined in subsection (a) of this section;

   . . . .

    (f) The term "person" shall mean any and every natural person, firm, partnership, association or corporation;

   . . . .

    (h) The term "to operate" shall mean the act of navigating, driving, steering, sailing, rowing, paddling, or otherwise moving or exercising physical control over the movement of a watercraft;

**5.** There may also be some question as to whether a boat is a vehicle. *See Hanson v. Lewis,* (1937) 5 Ohio Supp. 195, 11 Ohio Op. 42, which says "[i]t would seem that when the word 'vehicle' is used it is commonly meant a vehicle that operates upon land. A boat or vessel is not a vehicle."

**6.** In addition, since Title 14 was enacted in 1957 and the motor vehicle guest statute in 1929, Title 14 would control concerning boats as the legislature's most recent statement on the subject.

caused by his willful, wanton or intentional misconduct." *McDonnell,* 636 F.2d at 186. The court supported its argument by relying on Indiana real property cases regarding an owner's duty to his social guests. The *McDonnell* court acknowledged the trial court had not extended the motor vehicle guest statute by analogy to that case. "Rather, he relied on that statute, as we do, as a manifestation of Indiana's consistent policy of promoting hospitality by subjecting hosts to a low duty of care with respect to their guests." *Id.* at 187. Such policy, held the court, was manifested by the enactment of the motor vehicle guest statute provision and a similar one in a statute relating to aircraft.[7]

Weaver further relies on Indiana tort cases which describe and distinguish between the duties of care required of a landowner to a trespasser, a licensee or social guest, and an invitee. He claims the traditional approach that a social guest is only owed the duty of being free from willful and wanton misconduct, *Pierce v. Walters,* (1972) 152 Ind.App. 321, 283 N.E.2d 560, supports the "promotion of hospitality" policy relied on in *McDonnell.*

The situation in *McDonnell* is distinguishable from the one presented here. In that case, a pontoon boat owner was found liable when the boat overturned killing one guest. Since a pontoon boat is inherently unstable, that case is analogous to the cases cited by Weaver dealing with a landowner's duty to social guests. In both situations, the question of liability arises due to the condition of the premises. This is in contrast to the facts here where the question arises due to the operation of the boat, not its maintenance or condition.[8]

The distinction between premises liability and that involving operation of motor driven conveyances was explained in *Munson v. Rupker,* (1925) 96 Ind.App. 15, 148 N.E. 169, where the court, discussing the operation of automobiles, said:

It seems to us that the only sensible and humane rule is that an owner and driver of an automobile owes a guest at sufferance the duty of using reasonable care so as not to injure him. The rule as to trespassers and licensees upon real estate, with all its niceties and distinctions, is not to be applied to one riding in an automobile at the invitation of, or with the knowledge and tacit consent of, the owner and operator of the automobile. A trespasser and licensee going upon a tract of land—an inert, immovable body—takes it as he finds it, with knowledge that the owner cannot and will not by any act of his start it in motion and hurl it through space in a manner that may mean death to him who enters thereon. He who enters an automobile to take a ride with the owner also takes the automobile and the driver as he finds them. But, when the owner of the automobile starts it in motion, he, as it were, takes the life of his guest into his keeping, and in the operation of such car he must use reasonable care not to injure any one riding therein with his knowledge and consent. It will not do to say that the operator of an automobile owes no more duty to a person riding with him as a guest at sufferance, or as a self-invited guest, than a gratuitous bailee owes to a block of wood. The law exacts of one who puts a force in motion that he shall control it with skill and care in proportion to the danger created. This rule applies to a guest at sufferance as well as to a guest by invitation.

*Id.* at 29–30, 148 N.E.2d 173–74. We also note as did the *McDonnell* court this case caused our Legislature to enact the "willful and wanton" standard, presently in the motor vehicle code as IC 9–3–3–1.

Clipp argues any "promotion of hospitality" policy statement regarding watercraft must come from the legislature since we strictly construe statutes, such as the motor vehicle and aircraft guest statutes, which

---

7. *See* Ind.Code 8–21–5–1. This statute was enacted in 1951.

8. Clipp only alleges Weaver was negligent in the operation of the boat.

are in derogation of the common law.[9] *B.G.L. v. C.L.S.,* (1977) Ind.App., 369 N.E.2d 1105. *See also* 26 I.L.E. *Statutes* § 174 (1960). We agree.

Furthermore, the Indiana legislature has specifically spoken regarding the standard of care owed by boat operators to their guests. IC 14–1–1–16 provides:

> "Every person *operating any boat* shall operate the same in a *careful and prudent manner,* having due regard for the rights, safety and property of *other persons,* the conditions and hazards, actual and potential, then existing, including weather and density of traffic, and possible injury to the person or property of *other persons.* (Emphasis added.)

The words "careful and prudent manner" are determinative of the standard of care issue. We can find no case where the court applying the "careful and prudent manner" standard permitted recovery only for injuries due to willful or wanton misconduct. Rather, Indiana cases using these words apply only the standard of reasonable and ordinary care. *Orth v. Smedley,* (1978) Ind. App., 378 N.E.2d 20; *Allied Fidelity Insurance Co. v. Lamb,* (1977) Ind.App., 361 N.E.2d 174. Therefore, we hold the standard of care owed by a boat operator is one of ordinary care. We also find the words "other persons" to be broad enough to include gratuitous guests. The trial court erred when it found and applied a different standard.

### III. *Waiver*

Clipp argues that Weaver's right to use the motor vehicle guest statute as the standard of care in this case was waived by Weaver's failure to refer to the statute or standard in any of his pleadings or in the pre-trial conference. In effect, Clipp argues this standard is an affirmative defense to the complaint and was waived for failure to plead it. Due to our reversal on the standard of care issue, it is not necessary for us to address this argument.

**9.** For example, prior to the enactment of the motor vehicle guest statute, drivers owed their

The trial court's decision granting summary judgment is reversed and the cause remanded to the trial court for further proceedings consistent with this opinion.

MILLER, J., concurs.

YOUNG, P. J., dissents with separate opinion.

YOUNG, Presiding Judge, dissenting.

I dissent.

A boat operator is only liable to his guest for injuries caused by willful, wanton or intentional misconduct. I would follow *McDonnell v. Flaharty,* (7th Cir. 1980) 636 F.2d 184 as a correct expression of the rule of law in Indiana. This would be consistent with similar construction of the host-guest relationship in automobile, airplane and property cases and in furtherance of our policy of promoting hospitality.

passengers a duty of reasonable care. *Munson v. Rupker,* (1925) 96 Ind.App. 15, 148 N.E. 169.