Mary CLIPP, et al., Appellants
(Plaintiffs below),

v.

Charles WEAVER, et al., Appellees
(Defendants below).

No. 883S295.

Supreme Court of Indiana.

Aug. 12, 1983.

William Wagner, Wagner, Cunningham, Vaughan & McLaughlin, Tampa, William J. Cohen, Slabaugh, Cosentino, Walker & Shewmaker, Elkhart, for appellants.

James H. Pankow, South Bend, for appellee, Charles Weaver.

HUNTER, Justice.

Plaintiffs Mary Clipp, individually, and Ruth Joanne Clipp, Administratrix of the Estate of Gerald Clipp, filed suit against defendant Charles Weaver in the Kosciusko Circuit Court. The court entered summary judgment in favor of defendant, and plaintiffs appealed. The Court of Appeals, Fourth District, reversed the judgment and remanded the cause for trial. *Clipp v. Weaver*, (1982) Ind.App., 439 N.E.2d 1189. In so doing, the court held that the standard of care a boat operator owes to his guest is one of reasonable care. *Id.* at 1193. Because this holding conflicts with the decision by the United States Court of Appeals for the Seventh Circuit in *McDonnell v. Flaharty*, (1980), 636 F.2d 184 (applying Indiana law), we are granting Weaver's petition to transfer to resolve the conflict and therefore vacate the opinion of the Court of Appeals. However, we have carefully examined Judge Conover's excellent opinion and believe he is absolutely correct in his approach to the law regarding the operation of watercraft. Thus, we adopt much of the language from Judge Conover's opinion in resolving the following issue: What standard of care does a boat operator owe to his guest?

Judge Conover summarized the facts of the case as follows:

"On May 26, 1976, Weaver and Gerald Clipp were in Weaver's new motorboat on Lake Wawasee. Weaver was operating the boat and Mr. Clipp was his guest. Another boat, driven by Molly Dahm, also a defendant in this case, collided with Weaver's boat. Mr. Clipp died as a result of the collision. Clipp filed this cause of action against Weaver, alleging his negligence resulted in Mr. Clipp's death."

439 N.E.2d at 1190.

We first note the standard used to review a summary judgment:

"When reviewing the trial court's entry of summary judgment, this court must determine whether there is any genuine issue of material fact and whether the law was applied correctly. *Zalewski v. Simpson*, (1982) Ind.App., 435 N.E.2d 74;

*Carroll v. Lordy,* (1982) Ind.App., 431 N.E.2d 118. The burden is on the proponent to prove no genuine issue of material fact exists. *Podgorny v. Great Central Insurance Co.,* (1974) 160 Ind.App. 244, 311 N.E.2d 640. While summary judgment is a desirable tool to allow the trial court to dispose of cases where only legal issues exist, it may not be used as a substitute for trial in determining factual disputes. *Id."*

439 N.E.2d at 1190.

The trial court found there was no genuine issue of material fact because the defendant, Weaver, owed only a duty "not to willfully, wantonly or recklessly" injure his guest. It appears the trial court relied on *McDonnell* in reaching this decision. The Court of Appeals determined that this reliance was erroneous and that the proper standard was that of reasonable care. The Court of Appeals construed Ind.Code § 14–1–1–16 (Burns 1981 Repl.) to reach this result.

On transfer, Weaver argues that statutory construction is inappropriate because the limited, common law liability of social hosts is judicially created. He would have this Court apply Indiana's common law on host-licensee liability for property owners to boat operators. He also rather incongruously argues that, because the legislature has made no limited guest passenger liability provision in the watercraft statute, Ind. Code §§ 14–1–1–1 to 63, the statute does not apply in this situation. Weaver argues that the court in *McDonnell* correctly analyzed Indiana's common law and public policy and correctly determined that Indiana would apply a willful and wanton standard of care to boat operators in order to promote hospitality. 636 F.2d 186–87. We disagree.

Indiana does allow limited liability to property owners when the host-guest (or licensee) relationship exists. *See Blake v. Dunn Farms, Inc.,* (1980) Ind., 413 N.E.2d 560; *Neal v. Home Builders, Inc.,* (1953) 232 Ind. 160, 111 N.E.2d 280; *Barbre v. Indianapolis Water Co.,* (1980) Ind.App., 400 N.E.2d 1142; *Xaver v. Blazak,* (1979) Ind.

App., 391 N.E.2d 653. However, Indiana common law has distinguished premises from conveyances. In *Munson v. Rupker,* (1925) 96 Ind.App. 15, 148 N.E. 169, the court said:

"It seems to us that the only sensible and humane rule is that an owner and driver of an automobile owes a guest at sufferance the duty of using reasonable care so as not to injure him. The rule as to trespassers and licensees upon real estate, with all its niceties and distinctions, is not to be applied to one riding in an automobile at the invitation of, or with the knowledge and tacit consent of, the owner and operator of the automobile. A trespasser and licensee going upon a tract of land—an inert, immovable body—takes it as he finds it, with knowledge that the owner cannot and will not by any act of his start it in motion and hurl it through space in a manner that may mean death to him who enters thereon. He who enters an automobile to take a ride with the owner also takes the automobile and the driver as he finds them. But, when the owner of the automobile starts it in motion, he, as it were, takes the life of his guest into his keeping, and in the operation of such car he must use reasonable care not to injure any one riding therein with his knowledge and consent. It will not do to say that the operator of an automobile owes no more duty to a person riding with him as a guest at sufferance, or as a self-invited guest, than a gratuitous bailee owes to a block of wood. *The law exacts of one who puts a force in motion that he shall control it with skill and care in proportion to the danger created.* This rule applies to a guest at sufferance as well as to a guest by invitation."

*Id.* at 29–30, 148 N.E. 173–74 (emphasis added).

As the *McDonnell* court noted, *Munson* led to the enactment of our motor vehicle guest statute, Ind.Code § 9–3–3–1 (Burns 1980 Repl.), which invokes the willful and

wanton standard.[1] The legislature has not extended this standard to boats, however, and we see no reason to make a judicial extension of the rule.

The rationale in *Munson* applies even more to the operation of boats. As does an automobile driver, a boat operator takes his passenger's life into his keeping when he starts the boat in motion. However, because boats are used mainly for recreation in Indiana, rather than for transportation, the average passenger is not as familiar with the operation of a boat as he is with a car. Neither is he as familiar with the rules and regulations governing boats. Therefore, the operator of the boat, who normally has more expertise than his guest, and a better awareness of the potential dangers associated with boats, owes a duty of reasonable care to his passenger.

Furthermore, our legislature has clearly indicated that the standard of ordinary care is to be applied to boats and their operation. Ind.Code § 14–1–1–16 provides:

> "Every person *operating any boat* shall operate the same in *a careful and prudent manner,* having due regard for the rights, safety and property of *other persons,* the conditions and hazards, actual and potential, then existing, including weather and density of traffic, and possible injury to the person or property of *other persons.*"

(Emphasis added.) As Judge Conover stated:

> "The words 'careful and prudent manner' are determinative of the standard of care issue. We can find no case where the court applying the 'careful and prudent manner' standard permitted recovery only for injuries due to willful or wanton misconduct. Rather, Indiana cases using these words apply only the standard of reasonable and ordinary care. *Orth v. Smedley,* (1978) Ind.App., 378 N.E.2d 20; *Allied Fidelity Insurance Co. v. Lamb,* (1977) Ind.App., 361 N.E.2d 174.... We also find the words 'other persons' to be

broad enough to include gratuitous guests."

439 N.E.2d at 1193.

Other sections of the Act support this construction. The definition of the term "person" in Section 14–1–1–1(f) includes "any and every natural person." Section 14–1–1–20 provides that "[n]o person shall operate any boat in such a manner as to unnecessarily endanger the person or property of any other person ...." Section 14–1–1–22 deals with the rate of speed when operating a boat and again uses the term "reasonable and prudent" along with the words "in the exercise of reasonable care." In Section 14–1–1–31, the legislature has provided that all provisions of the Watercraft Act "with respect to the operation of boats or motorboats shall apply" to *any person* being towed on water skis, a watersled, aquaplane, or similar object.

 A statute is to be interpreted as a whole, and the words given their common and ordinary meaning. *Foremost Life Ins. Co. v. Department of Insurance,* (1980) Ind., 409 N.E.2d 1092; *Combs v. Cook,* (1958) 238 Ind. 392, 151 N.E.2d 144. When the watercraft statute is examined as a whole, it is obvious the legislature has determined that a boat operator owes a duty of reasonable care to *all* persons, including guests. Therefore, for the foregoing reasons, the trial court erred as a matter of law in granting summary judgment. The judgment is reversed and the cause remanded to the trial court for further proceedings.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.

---

**1.** Ind.Code § 9–3–3–1 was first enacted in 1929. In 1951, the legislature applied the will-
ful and wanton standard to aircraft. Ind.Code § 8–21–5–1 (Burns 1980 Repl.).