HOMER E. AND ROBERTA S. HANRAHAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hanrahan v. Commissioner
Docket No. 12574-81.
United States Tax Court
T.C. Memo 1985-440; 1985 Tax Ct. Memo LEXIS 193; 50 T.C.M. (CCH) 877; T.C.M. (RIA) 85440; August 21, 1985. Homer E. Hanrahan, pro se. Thomas C. Borders, for the respondent. PAJAK
MEMORANDUM OPINION PAJAK, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456 and Rule 180 for purposes of ruling on respondent's Motion for Summary Judgment, filed pursuant to Rule 121. [1] Petitioners filed a Notice of Objection. After careful review of the record, we find that there are two separate issues. For the reasons set forth below, we shall grant respondent's motion in part. Respondent determined deficiencies in petitioners' 1977 and 1978 Federal income taxes in the amounts of $405 and $123, respectively. In 1976, petitioner Homer E. Hanrahan (petitioner) was incarcerated at the Joliet Correctional Center (Joliet), Joliet, Illinois. In 1977, petitioner applied for a job as a plumber with the Illinois Correctional Industries (Industries) and was hired. *195 In 1977 and 1978, petitioner received $2,163 and $714.40, respectively, as payment for services rendered to Industries. Forms 1099 were issued by Industries to inmates of Joliet during those years. The amounts paid to petitioner during 1977 and 1978 was by transfer to the General Inmate Trust Fund of the Joliet. The transfer was then credited to Mr. Hanrahan's trust fund, established, and maintained according to the Department of Corrections procedures. Petitioner and other inmates are allowed to spend or transfer the funds in their individual trust fund accounts in accordance with procedures and regulations of the Department of Corrections. Inmates are able to purchase items in the prison commissary. Since inmates are not allowed to possess United States currency, such purchases are made by voucher. There are no restrictions on te purchases as long as the inmate is able to pay for the items selected and has not had commissary privileges restricted or revoked. Additionally, an inmate may send money to a relative or a friend by submitting a trust fund voucher to the Business Office of Joilet. If an inmate receives money from a relative or other source, the amounts received *196 are deposited to the inmate's trust fund account. Petitioners filed their joint 1977 and 1978 Federal income tax returns but failed to report the amounts earned by petitioner while working at Industries. Petitioners failed to report $28 of interest income on their 1977 return. Respondent determined that those amounts were properly includable in petitioners' gross income and should have been reported on petitioners' Federal income tax returns for the tax years in question. Automatic medical expense and sales tax deductions were made. Petitioners concede that they failed to report the $28 of interest income. Petitioner maintains that his prison income is exempt from taxation. I. Petitioner's Prison Compensation is Gross Income
Gross income means all income from whatever source derived including (but not limited to) wages. Section 61. This rule has been broadly construed to give effect to the intention of Congress to impose a tax on all gains except those specifically exempted. Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955); section 1.61-1(a), Income Tax Regs. We have carefully reviewed the relevant law and have failed to find a provision that *197 would specifically exempt the payments received by petitioner for his work at Industries. In fact, petitioner has admitted in a Memorandum of Law filed in support of his Notice of Objection to respondent's Motion for Summary Judgment that: Petitioner Homer Hanrahan received compensation of $2,163.00 for the year 1977 and $714.40 for the year 1978. (Emphasis supplied.) We agree. In that memorandum, petitioner goes on to allege that: Petitioner Homer Hanrahan never received a Form 1099-MISC notice of compensation paid to him for the year 1978 from Illinois Correctional Industries. The Internal Revenue Service was notified of this compensation per letter from the Illinois Department of Corrections on or about September 12, 1980, long after the Income Tax Return for 1978 had been prepared and filed by petitioners as a joint return. Whether or not these allegations are true is irrelevant. We observe that in 1977 and 1978 petitioner received the respective credits to his inmate trust fund. These amounts represented compensation for services rendered by petitioner to Industries and as such were income to him subject to Federal income taxation. Section 61(a)(1). Under *198 Rule 121(b), summary adjudication may be made "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." The same holds true for a motion for partial summary judgment. Sundheim v. Commissioner,T.C. Memo. 1981-139; Raemer v. Commissioner,T.C. Memo. 1981-138. Respondent has demonstrated to our satisfaction that there is no genuine issue as to the inclusion of petitioner's prison compensation in his gross income. Thus, respondent is entitled to a decision on this issue as a matter of law. II. Genuine Issue for Trial
Respondent requested summary judgment in full. We find that we cannot grant respondent's motion as requested. Rule 121(d) provides in pertinent part: When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that *199 there is a genuine issue for trial. If he does not so respond, a decision, if appropriate, may be entered against him. Rule 121(d) is derived almost verbatim from Rule 56(e) of the Federal Rules of Civil Procedure. (60 T.C. 1128).Under Rule 56(e), the Seventh Circuit has held that where one party supports its motion for summary judgment with documents, depositions or affidavits, the opposing party may not rest on the mere allegations of his pleadings but must respond with specific facts showing a genuine issue for trial. McDonnell v. Flaharty,636 F.2d 184, 187 (7th Cir. 1980); Macklin v. Butler,553 F.2d 525, 528 (7th Cir. 1977). [2]
In this case, respondent filed an affidavit to which was attached a copy of a proposed stipulation of facts signed by petitioner. In petitioners' Notice of Objection, petitioner in effect incorporated that stipulation by reference. He also referred to a February 2, 1983 letter from respondent's attorney which stated that "most of the statements which *200 you desire to stipulate are, in my opinion, reasonably in dispute and therefore unexceptable [sic]." Lastly, in an Affidavit filed with his Notice of Objection petitioner states that "The contents of the proposed stipulation of facts as prepared and signed by petitioner are true and correct to the best of my knowledge and belief." In the proposed stipulation of facts, petitioner alleges that he has suffered theft losses of real and personal property as well as the loss of business equipment and supplies in years other than the taxable years in question. Petitioner argues that since he has made no prior claim for these losses, he is entitled to carry over deductions and adjustments to his income for the taxable years in question. Respondent argues that the Court is without jurisdiction to consider these losses since the losses did not occur in the years covered by the statutory notice of deficiency. Respondent is wrong. Under section 6214(b), the Court shall consider such facts with relation to the taxes for other taxable years as may be necessary to correctly redetermine the amount of the deficiency for the tax year before it. Lone Manor Farms Inc. v. Commissioner,61 T.C. 436, 440 (1974), *201 affd. 510 F.2d 970 (3d Cir. 1975). Under section 172, theft losses can be carried back or carried forward. Section 1212(b) allows taxpayers, other than a corporation, to carry over unused capital losses for an unlimited number of years. Thus, if petitioner has in fact suffered losses, those losses may be applicable to the tax years in question and, if so, we would be able to consider them under section 6214(b). The burden is on the moving party in a motion under Rule 121 and the factual materials and the inferences therefrom must be viewed in the light most favorable to the party opposing the motion. Jacklin v. Commissioner,79 T.C. 340, 344 (1982). Accordingly, we must conclude there is a genuine issue as to whether petitioner is entitled to certain carryover loss deductions for the taxable years in question. As a result, summary judgment on this issue is not appropriate. Rule 121(b). This case will be restored to the general docket for trial on this issue. An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as in effect during the taxable years in issue, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. An appeal in this case after entry of decision would be to the Court of Appeals for the Seventh Circuit.↩